## New London Northern Railroad Company *vs.* Boston & Albany Railroad Company.

The St. of 1869, *c.* 408, § 5, vesting in railroad commissioners the powers and duties of commissioners appointed by this court under the Gen. Sts. *c.* 63, § 117, takes away the jurisdiction of this court, and of commissioners appointed by it, over proceedings pending before these commissioners at the time of its passage.

Gray, J.* Upon the petition of the New London Northern Railroad Company, under the Gen. Sts. *c.* 63, § 117, representing that they were authorized by the laws of the Commonwealth to enter with their road upon and unite with and use the road of the Boston and Albany Railroad Company, and that the two corporations were unable to agree upon a reasonable compensation to be paid by the petitioners to the respondents for drawing over the road of the latter the passengers, merchandise and cars of the former, and praying for the appointment of commissioners to determine the rate of such compensation and the stated periods of drawing such cars, this court at April term 1868 appointed three commissioners to make an award upon the subject and report the same to the court.

After the commissioners had notified and begun to hear the parties, the legislature passed the St. of 1869, *c.* 408, establishing a board of railroad commissioners, to be appointed by the governor with the advice and consent of the council, the fifth section of which provided that " the powers and duties conferred

---

* Colt, J., did not sit in this case.

and imposed upon commissioners appointed by the supreme judicial court," by the Gen. Sts. *c.* 63, § 117, and certain other statutes, " are hereby vested in the commissioners created by this act."

Pending the hearing before the commissioners so appointed by this court, the counsel of the parties signed an agreement, reciting that it had been suggested that this statute superseded those commissioners, and stipulating that neither of the parties should raise that objection to their report, but that it should be considered as if this statute had not been passed.   The commissioners afterwards proceeded with and completed the hearing, and returned their report, presenting other questions of law, to this court; and thereupon a formal order was passed by one of the justices, accepting the report, and reserving all questions of law arising thereon for the consideration of the full court.

When the case came on for argument, and the papers were read, they appeared to the court to present an important question of jurisdiction, which should be determined before hearing the specific objections to the report ; the case was postponed in order to enable the counsel to prepare an argument upon that question ; and, as it concerned a matter of public interest, opportunity was given to the attorney general and the railroad commissioners to be heard upon it, if they should see fit.   The question has now been ably argued by the counsel of both parties in favor of the jurisdiction ; and Mr. Adams, one of the railroad commissioners, appearing as *amicus curiæ*, has informed the court that the board had no suggestions to offer upon the effect of the St. of 1869 on proceedings pending before commissioners appointed by this court, and had themselves abstained from assuming control of such cases, because they considered the question a doubtful one.

The powers and duties in question belong to that class not strictly judicial, but partaking both of the judicial and the executive character, like those of laying out highways and assessing damages therefor, superintending the administration and distribution of the estates of insolvent debtors, and many others which might be named, the exercise and control of which may

be vested by the legislature at its discretion, unless restrained by specific constitutional provisions, either in judges appointed by the governor and holding during good behavior, or in commissioners or other officers appointed or elected in such manner and holding for such terms as the legislature may prescribe. *Rutland* v. *County Commissioners*, 20 Pick. 71. *Strong, petitioner* Ib. 484. *New Marlborough* v. *County Commissioners*, 9 Met. 423. *Dearborn* v. *Ames*, 8 Gray, 1.

The duty of commissioners appointed under the Gen. Sts. *c.* 63, § 117, to return their award into this court, was not expressly imposed upon them by the statute, nor required by the nature of their duties, but implied because they derived all their powers from an appointment by the court in a particular suit between contesting parties. *Boston & Worcester Railroad Co.* v. *Western Railroad Co.* 14 Gray, 258. *Hingham & Quincy Bridge & Turnpike Co.* v. *County of Norfolk*, 6 Allen, 356. No such implication could attach to a permanent board of public officers deriving their authority from a commission from the governor, and invested by law with the control of all cases of the same kind, without any previous judicial action or proceeding

The St. of 1869, *c.* 408, § 5, does not declare merely that like powers and duties shall belong to, but that "the powers and duties" conferred and imposed upon commissioners appointed by this court by the Gen. Sts. *c.* 63, § 117, "are hereby vested in, the commissioners created by this act." It is not expressly limited to cases to be hereafter commenced, and contains no saving of proceedings pending or commissions already appointed. But it declares "the powers and duties," which is as much as to say all powers and duties, of the kind specified, to be vested in the new commissioners. The vesting of these powers and duties exclusively in a board of administrative officers is clearly repugnant to and inconsistent with their exercise by the judicial department, either in the courts themselves, or through commissioners appointed by them.

It was hardly contended, indeed, that the railroad commissioners appointed under the St. of 1869 would be obliged to make any report of their doings to this court, or that, since

that statute took effect, this court could entertain such a petition as this, or appoint commissioners to perform such duties. But it was argued that the statute did not affect the jurisdiction of the court in cases pending, or the powers of commissioners appointed, before its passage.

The conclusive answer to this argument is, that a statute which wholly repeals an earlier one, either expressly or by implication, without any saving clause, makes it ineffectual to support any proceedings, whether not yet begun, or pending at the time of its passage, and not already prosecuted to final judgment vesting absolute rights. The books are so full of cases illustrating this principle, that the only difficulty is in making a selection.

The law does not indeed favor a repeal by implication. But a later statute, containing provisions, though merely affirmative in form, plainly repugnant to those of a former statute, repeals it as absolutely as by a negative clause. Com. Dig. Parliament, R. 9. *O'Flaherty* v. *M'Dowell*, 6 H. L. Cas. 142, 157. *Goddard* v. *Boston*, 20 Pick. 410. *Whitney* v. *Blanchard*, 2 Gray, 208. Even the jurisdiction of a superior court may be ousted by necessary implication, as well as by express words. *Cates* v. *Knight*, 3 T. R. 442. *Crisp* v. *Bunbury*, 8 Bing. 394. In *Surtees* v. *Ellison*, 9 B. & C. 750, 752, Lord Tenterden said : " It has been long established that, when an act of parliament is repealed, it must be considered (except as to transactions past and closed) as if it had never existed. That is the general rule ; and we must not destroy that, by indulging in conjectures as to the intention of the legislature."

In *Springfield* v. *Commissioners of Hampden*, 6 Pick. 501, this court held that an act, which repealed a former act vesting all powers in relation to highways in commissioners of highways, and vested those powers in county commissioners, took away all power of the commissioners of highways over proceedings already commenced, and not saved in the repealing act by " special provision or very clear implication."

In *The Hatfield Road Case*, 4 Yeates, 392, Chief Justice Tilghman said : " The authority to lay out roads is not naturally

incident to courts of justice, and was therefore vested in them by particular acts of assembly. If the laws vesting this authority had been repealed, and the power had been given to another body, it would have been clear that the courts would have been ousted as to all further proceedings or unfinished business relating to roads." And the supreme court of Pennsylvania in that case held that a statute, repealing all previous laws as to laying out roads, defeated all pending proceedings, although the proceedings under the new statutes were to be before the same tribunal.

In *The North Canal Street Road Case*, 10 Watts, 351, the same court held that a statute incorporating a city, and providing that the city councils should " have, exercise and enjoy all the powers, authority and jurisdiction touching the opening, extending, widening or otherwise altering of streets, lanes and alleys within the said city," and containing no other clause of repeal, took away the jurisdiction previously exercised in such cases by the quarter sessions, and made void the confirmation of a road by the sessions five days after its passage, upon proceedings begun long before. The opinion of the court is so brief, and so much in point, that it is worth quoting in full. " Acts entirely done under a statute while it was in force stand good after its repeal. But before these proceedings were completed, the statutory jurisdiction of the quarter sessions had been transferred to the councils of the city by the twelfth section of the act of incorporation; and by the transfer everything done was made void. The sessions ought therefore to have arrested the proceedings. Order of the sessions reversed, and proceedings quashed."

The general rule that the repeal of a statute, even by implication, puts an end to all proceedings pending under the statute repealed, has been recognized and applied by this court in criminal cases, even after verdict, or where the repealing act provided no means of enforcing its own provisions. *Britton* v. *Commonwealth*, 1 Cush. 302. *Flaherty* v. *Thomas*, 12 Allen, 428. *Commonwealth* v. *Kelliher*, Ib. 480. *Commonwealth* v. *McDonough*, 13 Allen, 581. And the St. of 1869, c. 410, modifying the rule

of those cases, was passed two days after the act establishing the board of railroad commissioners, and does not extend to proceedings of a civil nature.

In the case of *Springfield* v. *Connecticut River Railroad Co.* 4 Cush. 63, cited at the argument, the question in issue was whether the St. of 1849, *c.* 222, entitled "An act in relation to railroad crossings," and providing that the original jurisdiction of all questions touching obstructions to highways, caused by the construction or operation of railroads, should be vested in the county commissioners, and that this court should have jurisdiction in equity to compel railroad corporations to comply with the orders of the county commissioners in such cases, took away the jurisdiction of this court over a pending suit in equity, alleging a railroad to be a nuisance, because laid out on and along a highway without authority from the legislature. Of such a case, it was certainly not going too far to say that "the jurisdiction having once attached, it will not be held to be taken away by a subsequent act without express words;" for an intention of the legislature to impair the general equity jurisdiction of this court in so important a particular could not be implied from the peculiar provisions of the statute then in question; and the conclusion could not have been different if the bill had been filed after that statute had taken effect. See *Commonwealth* v. *Nashua & Lowell Railroad Co.* 2 Gray, 54; *Commonwealth* v. *Old Colony & Fall River Railroad Co.* 14 Gray, 93.

In the present case, the very powers and duties, previously conferred and imposed upon commissioners appointed by this court, are in distinct terms declared to be vested by the statute itself in the board of railroad commissioners. All provisions of law which authorized commissioners appointed by the court to exercise such powers and perform such duties, or the court to appoint such commissioners or to receive and adjudicate upon their report, are thus repealed. The return of the award into this court therefore gave it no force or effect.

The agreement of the parties cannot confer upon the court jurisdiction of a subject which the legislature have declared to be within the sphere of another tribunal. The questions of the

effect of that agreement as a submission in the country, and of the validity of and means of enforcing an award made thereon are not before us.   *Award rejected, for want of jurisdiction.*

P. E. *Aldrich,* for the petitioners.

G. S. *Hale,* for the respondents.

C. F. *Adams, Jr.,* as *amicus curiæ.*