JAMES E. WALL *vs.* METROPOLITAN STOCK EXCHANGE.

Suffolk.   January 14, 15, 1897. — May 19, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

Suffolk.   March 5, 1897. — May 21, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Remedial Statute — Wagering Contract — Release under Seal.*

The St. 1890, c. 437, entitled "An Act relative to wagering contracts in securities and commodities," is a remedial and not a penal statute, and the cause of action

given thereby, being the property of the person entitled to sue and no other person having any interest therein, may be discharged by him by a sufficient release under seal.

CONTRACT, under St. 1890, c. 437, entitled "An Act relative to wagering contracts in securities and commodities," to recover certain sums of money paid by the plaintiff between February 2, 1893, and July 25, 1893, for securities sold to him upon margin by the defendant.  The defendant in bar to the action pleaded certain releases under seal signed by the plaintiff.

Each release was similar in every respect to the following, except as to date and amount; and each release was dated, executed, and delivered subsequent to July 25, 1893.

"Boston, Nov. 11, 1893.

"Received of the Metropolitan Stock Exchange,      dollars, in full of all demands, and I hereby release the Metropolitan Stock Exchange from all causes of action and claims to this date.

"Witness my hand and seal."

"$21.25"

The case was referred to an auditor, who found that the plaintiff would be entitled to recover of the defendant the sums claimed in his declaration, provided he had not executed the releases referred to, ruled that the releases constituted a complete bar to the plaintiff's action, and found for the defendant. At the trial in the Superior Court, without a jury, before *Fessenden*, J., the auditor's report was the only evidence introduced. The plaintiff requested the judge to rule that the releases did not constitute a bar to the plaintiff's cause of action.  The judge refused so to rule and found for the defendant; and the plaintiff alleged exceptions.

*W. B. Rich*, for the plaintiff.

*J. Cavanagh*, for the defendant.

FIELD, C. J.   We are of opinion that St. 1890, c. 437, is a remedial and not a penal statute.  The right given by the second section of the statute is given to the person who contracts to buy or sell upon credit or upon margin, etc., or to the person who employs another so to buy and sell, etc., and it is a right to "sue for and recover in an action of contract from the other party to the contract, or from the person so employed, any payment made or the value of anything delivered," etc.   At common

law no such right of action existed because the parties were considered *in pari delicto*. No penalty is imposed by the statute which the Commonwealth or any person other than the person who makes the payment or delivers the thing of value can enforce, and the amount to be recovered is the amount of the payment made or the value of the property delivered.

The statute has been held to be constitutional as a statute intended to suppress a species of gambling. *Crandell* v. *White*, 164 Mass. 54.

As the statute was passed in order to suppress transactions which were deemed to be against public policy, it may be that contracts made in advance not to take advantage of the statute would be held void. *Bosler* v. *Rheem*, 72 Penn. St. 54. See *Equitable Life Assurance Society* v. *Clements*, 140 U. S. 226; *Fidelity Mutual Life Association* v. *Ficklin*, 74 Md. 172; *Hermany* v. *Fidelity Mutual Life Association*, 151 Penn. St. 17. But after a cause of action under the statute has accrued, it is at the option of the person to whom the right to sue is given whether he will sue or not, and if he neglects to sue no other person can sue. The cause of action being thus the property of the person entitled to sue, and no other person having any interest in it, he can discharge or release it. The releases in this case, being under seal, were sufficient. *Aldrich* v. *Parnell*, 147 Mass. 409. *Leddy* v. *Barney*, 139 Mass. 394. *Squires* v. *Amherst*, 145 Mass. 192. *Cole* v. *Groves*, 134 Mass. 471. *Tamplin* v. *Wentworth*, 99 Mass. 63. *Gray* v. *Bennett*, 3 Met. 522. *Mitchell* v. *Clapp*, 12 Cush. 278. *Getman* v. *Second National Bank of Oswego*, 89 N. Y. 136.                    *Exceptions overruled.*\*

---

\* A similar decision was made in Suffolk, May 21, 1897, in the case of

JOHN SHEA *vs.* METROPOLITAN STOCK EXCHANGE.

CONTRACT, under St. 1890, c. 437, to recover payments made by the plaintiff to the defendant, who in bar to the action pleaded certain releases under seal, of which the following is a copy:

"Boston, 4–14, 1896.

" Received of the Metropolitan Stock Exchange 12.50 dollars, in full of all demands under within contract, and I hereby release and discharge the Metropolitan Stock Exchange, its officers, agents, and servants, and each of them, therefrom, and also from any and all rights of action, claim, or demand under or by virtue of Chapter 437 of Acts of Massachusetts for the year 1890, or any amendment thereof, for any payment at any time hereto-

---

fore made or value of anything at any time heretofore delivered either on,
within or any other contract or transaction whatever, and I covenant never
to sue therefor them or either or any of them.
   " Witness my hand and seal this
" $12.50.                                                189  "
   At the trial in the Superior Court, without a jury, before *Hardy,* J., the
plaintiff testified that he was obliged to sign the releases before he could get
a return of his margin or his gain; and the defendant admitted that it was
its practice and a part of its business to have such releases signed so as to
avoid liability under St. 1890, c. 437.   The judge ruled that " the releases
under seal dated April 14, 1896, are a bar to the recovery by the plaintiff of
any sums of money for or on account of any transactions had prior to the
time of execution of said releases," and found for the defendant.   The plain-
tiff alleged exceptions.
   *W. H. Brown,* for the plaintiff.
   *I. R. Clark & J. Cavanagh,* for the defendant.
   FIELD, C. J.   The case is governed by *Wall* v. *Metropolitan Stock Ex-
change, ante,* 282.                                 *Exceptions overruled.*