ALONZO B. CLARK *vs.* ANNIE B. ROBERTS & another.

Suffolk. November 26, 1901. — January 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Release. Wagering Contracts.*

In an action under St. 1890, c. 437, for money paid on wagering contracts, it appeared, that upon four of the contracts were releases under seal executed by the plaintiff, and that there were seven previous contracts on which were no releases. The releases discharged the defendant from all demands under or by virtue of St. 1890, c. 437, " for any payment at any time heretofore made . . . either on within or any other contract or transaction whatever." *Held*, that the releases were not limited to the several contracts on which they appeared, and were a good defence to an action under the statute for any previous payment.

CONTRACT under St. 1890, c. 437, for money paid on wagering contracts. Writ dated February 16, 1899.

At the trial in the Superior Court, before *Mason*, C. J., the plaintiff put in evidence fifteen contracts upon which he had made payments to the defendants amounting in all to $3,320. On each of four of these contracts was a release under seal executed by the plaintiff in the following form :

" Boston, 189 .

" Received of A. B. Roberts & Co., Dollars in full of all demands under within contract, and I hereby release and discharge A. B. Roberts & Co., their officers, agents and servants, and each of them, there from, and also from any and all right of action, claim or demand under or by virtue of Chapter 437 of Acts of Massachusetts for the year 1890, or any amendment thereof, for any payment at any time heretofore made, or value of anything at any time heretofore delivered either on within or any other contract or transaction whatever, and I covenant never to sue therefor them or either or any of them.

" Witness my hand and seal this 189 .

" $ ." [Seal]

The latest of the releases was dated January 26, 1899. Eleven of the contracts were on and before that date ; the other four contracts, under which the payments amounted to $160, were dated later.

The plaintiff requested rulings that the several releases put in evidence by the defendants were limited to the several contracts upon which they appeared. But the judge refused so to rule.

The jury returned a verdict for the plaintiff in the sum of $179.68, apparently the amount of the payments after the date of the last release and interest; and the plaintiff alleged exceptions.

*W. A. Morse*, for the plaintiff.

*R. R. Gilman*, for the defendants.

MORTON, J. This is an action of contract under St. 1890, c. 437. The case is here on the plaintiff's exceptions.

The only exception taken by the plaintiff was, so far as appears, to the refusal of the court to rule as requested by him, that the several releases were limited to the several contracts

upon which they appeared.    We think that the refusal to rule as requested was right.    Each of the releases, which were under seal, not only set forth that the sum paid by the defendants was received " in full of all demands under within contract," but also that it released and discharged the defendants " from any and all right of action, claim or demand under or by virtue of chapter 437 of acts of Massachusetts for the year 1890 . . . for any payment at any time heretofore made . . . either on within or any other contract or transaction whatever."    By their express terms, therefore, the releases were not limited to the contracts on which they appeared.    The case is governed, it seems to us, by *Wall* v. *Metropolitan Stock Exchange* and *Shea* v. *Metropolitan Stock Exchange*, 168 Mass. 282, 284.

*Exceptions overruled.*