HAROLD D. COREY & others *vs.* JOHN H. GRIFFIN.

Suffolk. January 16, 1902. — April 3, 1902.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Equity. Jurisdiction. Wagering Contracts. Contract,* Validity.

A bill in equity will not lie to restrain the prosecution of an action that is groundless and malicious, as in that case there is a perfect defence at law.

An instrument under seal stating that the obligor wishes to open an account with the obligee for the purchase and sale of stocks, bonds and other securities, and agreeing to save the obligee harmless from any loss or damage arising from the obligor having no intention of performing such contracts of sale by actual receipt or delivery of the securities or payment of the price, which is in substance an agreement not to sue under St. 1890, c. 437, is void as against public policy.

BILL IN EQUITY, filed August 20, 1901, to restrain the defendant from prosecuting against the plaintiffs an action at law under St. 1890, c. 437, for money paid as margins on wagering contracts.

The defendant demurred. The Superior Court sustained the demurrer and made a decree dismissing the bill; and the plaintiffs appealed.

The instrument under seal, mentioned by the court, on which the plaintiffs relied was as follows:

" Boston, February 6, 1901.   Messrs. Corey, Milliken & Company, Bankers and Brokers, 53 State St., Boston.   Gentlemen: I desire to carry an account with you for the purchase and sale of stocks, bonds and other securities and commodities.   While I intend finally to execute all contracts by actual receipt or delivery of the securities or commodities, and payment of the price therefor, I may desire from time to time to have you carry them for me, temporarily, upon credit.

" I may also desire to make sales of securities or commodities purchased and carried for me without actual receipt and re-delivery of the same by me, and to repurchase securities and commodities which I have ordered sold without actual delivery and receipt by me.   In order to protect you from the annoyance of litigation involving the burden of proving the existence of my intention at the time of the respective transactions, to perform my contract by actual receipt or delivery and payment of price, I beg to say that I, for myself, my heirs, executors or administrators, hereby agree and bind myself and them to protect you and to save you harmless from all claims and demands founded wholly or in part upon the fact that at the time of the transactions hereinabove described, and your employment in connection therewith, I had, or have, or may have hereafter, no intention to perform the same by actual receipt or delivery of the securities or commodities and payment of price, and I further bind myself, my heirs, executors or administrators, to indemnify you for any loss or damage incurred or suffered by you on account of the non-existence of such intention.   In witness whereof I have hereunto set my hand and seal this 6th day of February, 1901. Yours very truly, John H. Griffin."   (Seal.)

*H. W. Ogden*, for the plaintiffs.

*R. S. Bartlett*, for the defendant.

HAMMOND, J.   Griffin, the defendant, brought an action at law against the present complainants under St. 1890, c. 437, to recover back a certain amount of money paid to them upon con-

tracts for the purchase and sale of certain stocks and securities; and this action is still pending. This bill is filed to enjoin the defendant from the prosecution of that action upon the ground that prior to every one of the contracts upon which recovery is sought therein the defendant signed a certain paper, a copy of one of which is annexed to the bill. It is a sealed instrument in the form of a letter to the complainants, in which the defendant, after saying that he desires to open an account with them for the purchase and sale of stocks, bonds and other commodities, agrees that, in order to protect them "from the annoyance of litigation involving the burden of proving the existence of [his] intention at the time of the respective transactions to perform [his] contract by actual receipt or delivery and payment of the price," he will indemnify them and save them harmless "from all claims and demands founded wholly or in part upon the fact" that he had no such intention, and from "any loss or damage incurred or suffered by [them] on account of the non-existence of such intention."

St. 1890, c. 437, § 2, is as follows: "Whoever contracts to buy or sell upon credit or upon margin any securities or commodities, having at the time of contract no intention to perform the same by actual receipt or delivery of the securities or commodities, and payment of the price, or whoever employs another so to buy and sell on his behalf, may sue for and recover in an action of contract from the other party to the contract, or from the person so employed, any payment made or the value of anything delivered: provided, such other party or other person so employed had reasonable cause to believe that no intention to actually perform existed."

It will be noted that in an action at law under this statute it is necessary for the plaintiffs to show among other things that at the time of the contract they had no intention to perform the same by the actual receipt or delivery of the securities and payment of the price, and it is plain from the language of the agreement in question that it was drawn up in view of this statute, and for the purpose of preventing the defendant from setting up the non-existence of such an intention in any action thereunder. Since proof of the non-existence of such an intention is essential to the maintenance of such an action, it follows that, no matter

how grave or frequent may be the violations of the statute in the transactions covered by the agreement, the complainants are not liable if the agreement is to stand.

The constitutionality of the statute is upheld upon the ground that it is intended to suppress a well known species of gambling. *Crandell* v. *White*, 164 Mass. 54. *Wall* v. *Metropolitan Stock Exchange*, 168 Mass. 282, 284. It is intended to suppress that gambling by putting such restraint upon those who are tempted to indulge in it, or to assist others in indulging in it, as can arise from a liability to pay back money received in the business. In a pecuniary sense this liability is a hardship upon the gambler, and the intention is that it should be. It is a liability which he incurs by reason of the transaction and as a consequence thereof. The object is not to punish the winner nor to protect the loser as such, but simply to prevent this kind of gambling by subjecting the participants to a liability which, except for some great purpose of preventing injury to the public morals, would seem to be unfair and unjustifiable. Take away this liability and you take away the restraint. The sting of the statute is gone, and it becomes a dead letter. It is true that it has been held that inasmuch as the statute gives only a right of action to the person who contracts to buy or sell, and contains no other penalty, it is remedial and not penal, and that after such a right has accrued it may be released or discharged. *Wall* v. *Metropolitan Stock Exchange, ubi supra.*

But in the present case we are asked to go further. The agreement can be operative only where the statute has been violated, for only in such a case can loss or damage come to the complainants by reason of the fact that the defendant had no intention to perform his contract. We cannot pass upon the question whether or not there has been a violation. The declaration in the action at law is assumed by both parties to set out such a violation, and in the consideration of this case we take that to be the proper interpretation of it. If, as alleged in the bill, the action is malicious and groundless, then the defence is perfect and the proper place to try the questions involved is in that case. If, however, there has been a violation, then the complainants ask to be relieved from the consequences upon the ground that there was an agreement in advance in substance

that the plaintiffs would never bring an action. As stated above, such an agreement, to be valid, would nullify the statute. It would take away the only security it seeks in the interest of public morals to give against stock gambling. No discussion is necessary to show that it would be contrary to public policy to recognize a right of parties to avoid the consequences of the statute by setting up an agreement having such an effect. The complainants therefore are not entitled to the aid of a court in equity. *Wall* v. *Metropolitan Stock Exchange, ubi supra,* on page 284. *Bosler* v. *Rheem,* 72 Penn. St. 54. *Hermany* v. *Fidelity Mutual Life Association,* 151 Penn. St. 17. See also *Equitable Life Assurance Society* v. *Clements,* 140 U. S. 226; *Fidelity Mutual Life Association* v. *Ficklin,* 74 Md. 172.

*Bill dismissed.*