WILLIAM J. WILSON *vs.* CHARLES HEAD & others.

Suffolk. November 10, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Statute,* Repeal. *Wagering Contracts. Constitutional Law.*

An amendment of a statute by striking out a certain section and substituting a new one in its place has in its form no significance as tending to show a repeal of the section amended. In such a case only those parts of the original statute which are inconsistent with the amended statute are repealed by implication.

St. 1890, c. 437, as to wagering contracts was amended by St. 1901, c. 459, which confined the right to recover money paid on margins to cases where there is an affirmative intention that there should be no purchase or sale of securities and where there is no actual purchase or sale and no valid contract therefor, whereas under St. 1890, c. 437, there was a right of recovery where there was only a negative lack of intention as to performance of the contract. *Held,* that the

amendment applies to cases pending at the time of its enactment and so applied is constitutional.

The right given by St. 1890, c. 437, to recover money paid on wagering contracts, was not a right of property belonging to persons who had brought actions under that statute and lawfully could be restricted as to pending cases by St. 1901, c. 459.

The provision of R. L. c. 8, § 4, cl. 2, that the repeal of an act shall not affect any punishment, penalty or forfeiture incurred before the repeal takes effect, does not apply to the right under St. 1890, c. 437, to recover money paid on wagering contracts as restricted by St. 1901, c. 459, the statute amended being remedial and not penal.

CONTRACT, under ·St. 1890, c. 437, § 2, for $12,100 paid on margins. Writ dated August 6, 1898.

At the trial in the Superior Court before *Pierce*, J., the defendants contended that by reason of the enactment of St. 1901, c. 459, re-enacted in R. L. c. 99, §§ 4, 6, the action could not be maintained. At the conclusion of the plaintiff's opening, the judge ruled that as a matter of law the plaintiff was not entitled to recover, and ordered a verdict for the defendants. The plaintiff alleged exceptions. For the purpose of the argument of the exceptions, it was agreed that the plaintiff in his opening stated a case that would support a verdict for the amount claimed unless his cause of action under St. 1890, c. 437, was defeated in consequence of the enactment of St. 1901, c. 459, subsequently re-enacted in the Revised Laws.

*G. F. Ordway*, for the plaintiff.

*S. Lincoln & R. S. Gorham*, for the defendants.

KNOWLTON, C. J. The plaintiff seeks to recover under the St. 1890, c. 437, for money paid for the purchase of stocks on margin. In the opening of his case at the trial he stated and offered to prove facts which would entitle him to a verdict under that statute, were it not for the enactment of the amendatory act of 1901, c. 459.

The question before us is, What is the effect of the amendments contained in the later statute? The first section of the St. 1901 is as follows: "Section two of chapter four hundred and thirty-seven of the acts of the year eighteen hundred and ninety is hereby amended by striking out the · whole of said section and substituting therefor the following," etc. The difference between the original § 2 and the section as amended is that the latter allows a recovery of payments for securities or

commodities contracted for on margin only when the contracting party has an affirmative intention "that there shall be no actual purchase or sale," while the former allows such a recovery, not only when there is such an affirmative intention, but also when there is a mere negative state of mind in regard to the subject, that is, when he has "at the time of contract no intention to perform the same by the actual receipt or delivery of the securities or commodities, and payment of the price." There is also a proviso in the amended section limiting the recovery to cases when no actual purchase or sale of the commodities or securities, and no valid contract therefor has been made, in accordance with the terms of the contract or employment. This is simply a limitation of the right of recovery given in the original statute. The first and third sections of the original act are retained without change. The fourth section is amended by striking it out and substituting a new one in the same way as the amendment is made to the second. This fourth section relates to what shall constitute *prima facie* evidence in favor of the plaintiff, and the new one is the same as the old, except as it is changed to adapt it to the change in the second section. Except in the amendments to these two sections, there is no reference to the former statute, and it is left in full force. The question is whether these changes in two sections of the act have repealed the whole act, or any part of it, and if a part, what part? It is plain that the Legislature intended to amend the original act and not to repeal it. The form of the amendments has no significance as tending to show a repeal. The substance of the provision in regard to each amendment is that the language of the section shall be changed so as to read as follows, with the words of the new section following. The fair construction of the new statute is that the original statute shall remain in force except as it is changed by the amendments. There is no hint or suggestion of a repeal of the statute as a whole. Those parts of the original statute which are inconsistent with the amended statute, and those only, are repealed by implication. *Commonwealth* v. *Kimball*, 21 Pick. 373, 376. *Wright* v. *Oakley*, 5 Met. 400, 406. *United Hebrew Benevolent Association* v. *Benshimol*, 130 Mass. 325. *Steamship Co.* v. *Joliffe*, 2 Wall. 450, 459. *Bear Lake Irrigation Co.* v. *Garland*, 164 U. S. 1, 12. *Ely* v. *Holton*,

15 N. Y. 595, 598. *Reid* v. *Supervisors of Albany County*, 128 N. Y. 364, 373. *Dashiell* v. *Mayor & City Council of Baltimore*, 45 Md. 615, 622. The original statute gave a right of recovery in certain cases. The effect of the amendments is to limit this right in two particulars, and thereby to take away the right in certain cases included in the former statute. Every case in which there can be a recovery under the amended statute is included in the original statute, and recovery in it could be had as well without the amendments as with them. The effect of the amendments is simply to show that, of the cases in which there is a right of recovery under the original act, those in which there is only a negative lack of intention as to performance of the contract, as distinguished from an affirmative intention that there shall be no purchase or sale, shall no longer give a right of recovery, and that those in which there is an actual purchase or sale of the securities or commodities, or a valid contract therefor, shall no longer give such a right. As to all other cases included in the original act, the law remains unchanged.

It is necessary to consider the effect of the amendments upon cases which arose prior to the enactment of the St. 1901 and which are included in the original statute, but not included in the amended statute. Did the statute create rights which vested before the amendments were in force, so that the Legislature could not constitutionally take them away? These rights were purely statutory, to recover money paid under a kind of gambling contract under which there can be no recovery at common law. *Wall* v. *Metropolitan Stock Exchange*, 168 Mass. 282, 284. As was said in *Corey* v. *Griffin*, 181 Mass. 229, 232, the statute was "intended to suppress a well known species of gambling. . . . The object is not to punish the winner nor to protect the loser as such, but simply to prevent this kind of gambling by subjecting the participants to a liability which, except for some great purpose of preventing injury to the public morals, would seem to be unfair and unjustifiable." See *Crandell* v. *White*, 164 Mass. 54. Such a statute does not give vested rights which the Legislature may not take away. When the remedy provided by the statute is lost by an amendment taking it away in certain classes of cases, nothing further of benefit remains in those cases.

*Bartlet* v. *King*, 12 Mass. 537. *Nichols* v. *Squire*, 5 Pick. 168.
*New London Northern Railroad* v. *Boston & Albany Railroad*,
102 Mass. 386, 389. *Louisiana* v. *Mayor of New Orleans*, 109
U. S. 285, 287. *People* v. *Livingston*, 6 Wend. 526, 530. *Van
Inwagen* v. *Chicago*, 61 Ill. 31. *Bailey* v. *Mason*, 4 Minn. 546.

It is contended that the R. L. c. 8, § 4, cl. 2, which provides
that the repeal of an act shall not affect "any suit, prosecution
or proceeding pending at the time of the repeal for an offence
committed, or for the recovery of a penalty or forfeiture incurred
under the act repealed," saves the rights of parties who have
claims that might be enforced under the original statute, but
which are not within the amended statute. We are of opinion
that this clause applies only to statutes which are strictly penal.
In terms it relates only to cases in which proceedings are pend-
ing at the time of the repeal. In *New London Northern Rail-
road* v. *Boston & Albany Railroad*, 102 Mass. 386, 391, Mr.
Justice Gray in referring to this provision which is a part of the
St. 1869, c. 410, says, it "does not extend to proceedings of a
civil nature." The St. 1890, c. 437, viewed in reference to the
persons made liable, has features which are *quasi* penal. But
it has been expressly held to be a remedial, and not a penal
statute. *Wall* v. *Metropolitan Stock Exchange*, 168 Mass. 282.
See also *Cole* v. *Groves*, 134 Mass. 471, 472; *Huntington* v.
*Attrill*, 146 U. S. 657, 667; *Kimbro* v. *Colgate*, 5 Blatch. 229.
The amendments, therefore, cut off all right of action which are
not included in the statute as amended.

The case stated by the plaintiff in his opening was one that
was included in the original statute but not included in the
amended statute.

*Judgment for the defendants.*