ADOLPH KLOPOT *vs.* METROPOLITAN STOCK EXCHANGE.

Suffolk.   November 15, 1904. — June 20, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Release.   Wagering Contracts.*

An absolute and unequivocal release must be construed in accordance with its terms although these embrace matters not in the minds of the parties at the time of its execution.

Releases under seal attached to certain contracts relating to the purchase of stocks on margins, signed by the purchaser under a fictitious name in which he had been carrying on the transactions, releasing a stock exchange corporation from all demands on the contracts to which the releases were attached and also from any claim or demand under R. L. c. 99, "for any payment at any time heretofore made . . . either on within or any other contract or transaction whatever," are a bar to all claims of a similar character on accounts previously carried on by the signer under his own name although closed more than two years before, and it does not matter that when the releases were executed the officers of the corporation to whom they were made did not know that the person who executed them was the same person who carried on the former transactions, nor does it matter that at the time the releases were executed the person who signed them had brought an action under St. 1890, c. 437, to recover the margins paid on the former transactions and had obtained an auditor's report in his favor.

MORTON, J.   This is an action to recover money paid to the defendant by the plaintiff on alleged wagering contracts. The case was heard by a judge of the Superior Court without a jury. The judge found for the defendant, and the case is here on exceptions by the plaintiff to the refusal of the judge to give certain rulings that were asked for by him.

The transactions between the plaintiff and the defendant related to the purchase of stocks on margins, and there were two series of them; one in one office under the plaintiff's own name, and the other in another office under the fictitious name of A. K. Clark, both offices belonging to the defendant. The first series of transactions terminated in May, 1901, and this action, under St. 1890, c. 437, was brought thereon in the same month of that year and has been pending ever since. In May, 1903, a report in favor of the plaintiff for the amount claimed and interest was filed by the auditor. The other series of transactions took place in July and August, 1903. They were entirely separate and

distinct from the first series, and the plaintiff carried them on "under the name of A. K. Clark, in order to differentiate them completely from the transactions sued on." In the course of these transactions eleven releases were given by the plaintiff to the defendant varying as to dates and amounts, but otherwise identical. One of them is as follows: "Boston, July 28, 1903. Received of the Metropolitan Stock Exchange, eleven dollars, in full of all demands under within contract, and I hereby release and discharge the Metropolitan Stock Exchange, its officers, agents and servants, and each of them, therefrom, and also from any and all right of action, claim or demand under or by virtue of chapter 99 of the Revised Laws of Massachusetts, or any amendment thereof, for any payment at any time heretofore made or value of anything at any time heretofore delivered either on within or any other contract or transaction whatever, and I covenant never to sue therefor them or either or any of them. Witness my hand and seal the day and year above written. A. K. Clark (seal)." The exceptions recite that "there was no evidence tending to show that the defendant was aware of his [the plaintiff's] identity at the time of any of the releases or at the time of any of the transactions in which the releases were given." And it does not appear, if material, when the defendant discovered the identity of the plaintiff with A. K. Clark, but apparently not till some time after this suit had been brought.

There are two questions: 1st. Whether the releases in the name of A. K. Clark operate upon the transactions conducted by the plaintiff in his own proper name, and, 2dly, if they do whether they can or should be construed to include the present cause of action. 1. It is to be observed that the plaintiff executed the releases and delivered them to the defendant in his own proper person and as and for contracts made by himself personally with the defendant; and that the defendant took them from him personally as and for contracts between it and the plaintiff in his own proper person; circumstances which did not appear in *Bartlett* v. *Tucker*, 104 Mass. 336, and which, if they had appeared, would presumably have led to a different result in that case. The question is one of identity and not of name, of the person executing the releases and not of the name under

which he signed them.  It was the rights belonging to the person, whatever his name, that were released.  It is immaterial that the defendant did not know that he was the same person who had been operating under the name of Adolph Klopot. Whatever rights he had attached to his personality and not to his name.  If he wished to except from the operation of the releases the transactions conducted by him under the name of Adolph Klopot, the releases should have contained a provision to that effect.  We think that the releases must be held to have operated upon the transactions conducted by the plaintiff under his own proper name.  2. The releases are general releases.  It is no doubt true that words of general release occurring in an instrument will be limited to a particular demand if it manifestly appears from the whole instrument that such was the intention of the parties.  *Rich* v. *Lord*, 18 Pick. 322.  *Averill* v. *Lyman*, 18 Pick. 346.  But in the present case not only are particular demands released, but also all rights of action, claims or demands under and by virtue of chapter 99 of the Revised Laws for any payment previously made on the contract on which the release was indorsed or on any other contract, or transaction whatever.  The case comes within *Wall* v. *Metropolitan Stock Exchange*, 168 Mass. 282, *Shea* v. *Metropolitan Stock Exchange*, 168 Mass. 284, and *Clark* v. *Roberts*, 180 Mass. 259, and we do not see how the effect of those decisions can be avoided by the fact that this action was pending with an auditor's report in the plaintiff's favor at the time when the releases were given.  The releases are absolute and unequivocal in their terms, and must be construed according to the language which the parties have seen fit to use.  In order to operate as a release of the demands in suit it was not necessary that the parties should have had them in their minds at the time of the execution of the releases if they are embraced by the terms that were used.  *Hyde* v. *Baldwin*, 17 Pick. 303, 307.  *Deland* v. *Amesbury Woollen & Cotton Manuf. Co.* 7 Pick. 244.  We see no error in the refusal of the judge to rule as requested.

*Exceptions overruled.*

*D. A. Ellis & S. M. Whelan*, for the plaintiff.

*G. F. Ordway*, for the defendant.