GEORGE W. ANDERSON, administrator with the will annexed, *vs.* METROPOLITAN STOCK EXCHANGE.

Suffolk.   January 12, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Wagering Contracts.   Survival of Suits.   Release.   Fraud,* As against creditors. *Evidence.*

In an action under R. L. c. 99, § 4, to recover money paid on margins, if an auditor finds "that it was intended and mutually understood by both parties, upon each and every transaction . . . that there should be no actual purchase or sale, but

that the transaction should be closed by a statement between them based on the rise or fall of the market," this shows an affirmative intention on the part of the plaintiff that there should be no purchase or sale, and on the part of the defendant reasonable cause to believe that such intention existed.

A right of action under R. L. c. 99, § 4, to recover money paid on margins survives to the executor or administrator of the estate of the person who paid the money.

St. 1901, c. 459, lawfully restricted but otherwise left in force rights of action existing at the time of its passage under St. 1890, c. 437.

St. 1890, c. 437, as amended by St. 1901, c. 459, now R. L. c. 99, §§ 4-7, is constitutional.

In an action by an administrator with the will annexed under R. L. c. 99, § 4, to recover money paid on margins by the plaintiff's testator, in which the defendant relied on releases signed by the plaintiff's testator, it was found by an auditor that at the time of making each of the releases, the plaintiff's testator was deeply insolvent, and that his estate was insolvent to such a degree that the amount sued for if recovered in full would not be nearly enough to satisfy the demands of creditors. *Held,* that the releases were voluntary conveyances fraudulent as against creditors, and were no defence to the action, although if no rights of creditors had been involved they would have been a good defence.

In an action under R. L. c. 99, § 4, to recover money paid on margins, the defendant cannot be allowed to introduce evidence of the defendant's course of dealing with customers other than the plaintiff where the plaintiff is not shown to have had any knowledge of the defendant's dealings with others.

In an action against a corporation under R. L. c. 99, § 4, to recover money paid on margins, testimony of the defendant's manager as to his actual undisclosed intention in regard to the delivery of the stocks which the defendant contracted to sell to the plaintiff should be excluded as immaterial.

In an action under R. L. c. 99, § 4, to recover money paid on wagering contracts, the defendant under a declaration in set-off may recover from the plaintiff money similarly paid by the defendant to the plaintiff on other wagering contracts during the same period if the payments were made on contracts to sell securities to the plaintiff or to buy securities from him and the defendant was not employed merely as a broker to buy or sell for the plaintiff's account.

KNOWLTON, C. J.   This is an action of contract, brought at common law and under the R. L. c. 99, § 4, to recover a sum of money paid to the defendant by one Thayer, the plaintiff's testator, on account of contracts to buy or sell securities upon margin. A verdict was directed for the plaintiff for the amount found due by the auditor, with a correction of a small clerical error agreed upon by the parties. The plaintiff excepted, because the judge declined to rule that the verdict should include the whole amount paid by Thayer on account of such contracts, without deduction for what he received from the defendant on account of other similar contracts. The defendant excepted to the ordering of the verdict, and to the refusal of the judge to give

numerous instructions requested, and to the exclusion of certain testimony.

We will consider first the defendant's exceptions. There were several counts in the plaintiff's declaration, some founded on the common law and others on the statute. The defendant also filed a declaration in set-off. In the present aspect of the case, no question of pleading is material, and none has been argued; for if the plaintiff was entitled to recover, as matter of law, upon any count, the verdict was rightly ordered. Although several witnesses were called, and exceptions were taken by the defendant to the exclusion of testimony, no evidence was introduced which tended in any way to contradict or modify the findings of the auditor.

It appears by the agreement of the parties that there were eighteen hundred and sixty transactions between Thayer and the defendant, of the kind described in the auditor's report; that on eleven hundred and seven of these transactions Thayer paid to the defendant $318,470, and received from the defendant $429,134.46, thus obtaining profits or winnings to the amount of $110,664.46; that on five hundred and twelve of the transactions Thayer paid to the defendant $250,187.50, and received from the defendant $149,768.98, thus suffering losses to the amount of $100,418.52; that on eighty-eight of these transactions Thayer paid to the defendant $39,210, and received nothing from the defendant; and that on one hundred and fifty-three of the transactions Thayer paid to the defendant $43,426.25 and received the same sum from the defendant on closing out the transactions. The result was thus a net loss to Thayer of $28,964.02.

These transactions were conducted under contracts which were of only two kinds, one for agreements to buy and the other for agreements to sell. The following is a copy of one of them: " Boston, Mass. April 16, 1903. On three days' notice the Metropolitan Stock Exchange has promised to deliver to Mr. Thayer three hundred full shares St. Paul at 161¾ and the holder of this contract agrees to receive the same; or upon surrender by mutual consent of this contract said corporation agrees to pay the holder of it a sum equal to the then advance in the market price of said commodity or stock. All deposits shall become the absolute property of said corporation to the amount of the decline in the

market value of said commodity or stock when this contract is closed, either by further order of the holder, or when the decline in the market value of said commodity or stock shall equal the sum of all deposits, whereupon this contract terminates. The holder of this contract agrees to the above terms. The Metropolitan Stock Exchange." The form of contract for the sale by Thayer to the defendant is precisely like the other, except that the words " receive from " take the place of the words " deliver to," and the word " deliver " takes the place of the word " receive," and the word " advance " takes the place of the word " decline " in two places. The auditor found, as to all these transactions except one, which was of a different kind, that there was no actual purchase or sale by the defendant for Thayer's account, nor any delivery of stock between them, and that Thayer had no intention that there should be any actual purchase or sale, and that the defendant had reasonable cause to believe that Thayer had no intention that there should be any actual purchase or sale. He also found that it was intended and mutually understood by both parties, upon each and every transaction of this character, with said one exception, that there should be no actual purchase or sale, but that the transaction should be closed by a statement between them based on the rise or fall of the market.

These findings bring the case within the R. L. c. 99, § 4, which gives a right to recover for payments made upon such contracts. The first part of the findings as to the intention of Thayer follows, perhaps inadvertently, the terms of the St. 1890, c. 437, § 2, before the enactment of the St. 1901, c. 459, but the latter part of the finding, as to what was intended and mutually understood by both parties, plainly comes within the provisions of the amendment of 1901, embodied in the R. L. c. 99, § 4. -It shows an affirmative intention on the part of Thayer that there should be no purchase or sale, and on the part of the defendant reasonable cause to believe that Thayer had this intention. It is therefore unnecessary to consider the counts of the declaration founded on the common law.

There is nothing in any part of the auditor's report, or in the other evidence, which tends to diminish the force of these findings. The affirmative intention of Thayer, with reasonable cause

to believe on the part of the defendant that the intention existed, gives a right to recover by the terms of the statute. The auditor's report, finding generally for the plaintiff, and finding specially these facts, is *prima facie* evidence which requires a verdict for the plaintiff, unless there is other evidence, either in the report or outside of it, to control the findings. *Peaslee* v. *Ross*, 143 Mass. 275. *Emerson* v. *Patch*, 129 Mass. 299. *Livingston* v. *Hammond*, 162 Mass. 375.

We come now to the objections raised by the defendant. Its first contention is that an action of this kind does not survive to an administrator. Although the Legislature, in enacting the statute, doubtless had a deterrent purpose in reference to such contracts, it has been decided that the act is remedial and not penal. *Wall* v. *Metropolitan Stock Exchange*, 168 Mass. 282. Its principal direct effect is to relieve one who wants to get back a payment made without a lawful consideration, upon an executed gambling contract, from the defence that he is barred by being *in pari delicto*. It also makes unenforceable a contract which includes almost, but not quite, all the objectionable features of a gambling contract at common law. It has been decided that a proper remedy, under the statute, is an action of contract for money had and received. *Crandell* v. *White*, 164 Mass. 54. This is upon the theory that the gist of the action is a right to recover money paid without a valid consideration. We are of opinion that the action survives to a legal representative of the estate of the payor.

The contention that the plaintiff's right of action on account of transactions before June 5, 1901, was taken away by the passage of St. 1901, c. 459 (R. L. c. 99, §§ 4–7) is answered by the decision in *Wilson* v. *Head*, 184 Mass. 515, and the cases that follow it. See *Loughlin* v. *Parkinson*, 184 Mass. 565.

So too the contention that the statute is unconstitutional has been passed upon adversely by a decision of this court. *Crandell* v. *White*, 164 Mass. 54. See *Corey* v. *Griffin*, 181 Mass. 229, 233.

The defendant argues that the releases signed by Thayer are a bar to the plaintiff's recovery. If no rights of creditors were involved, the releases would be an effectual defence to the action. *Wall* v. *Metropolitan Stock Exchange*, 168 Mass. 282. *Clark* v.

*Roberts,* 180 Mass. 259.   But Thayer's right to recover these sums of money was valuable property which he could not lawfully give away to the detriment of his creditors.   The auditor has found that he was deeply insolvent at the time of making each of the releases, and that his estate, represented by the present plaintiff, is insolvent, to such a degree that the recovery of the whole amount due from the defendant will not be nearly enough to satisfy the demands of creditors.   Under these circumstances these voluntary conveyances of property, in the form of releases, were fraudulent as against creditors.   *Matthews* v. *Thompson,* 186 Mass. 14, and cases cited.   It follows that the plaintiff can recover as if they had not been made.

The evidence offered by the defendant, as to the defendant's course of dealing with customers other than the plaintiff's intestate, was rightly excluded.   Under the statute on which the verdict rests, the intention of Thayer was the first fact to be established.   That intention was to be ascertained from what he said and did in connection with what was communicated to him.   What his dealings with the defendant were, from first to last, was put in evidence.   The defendant's dealings with others, of the particulars of which, so far as appears, Thayer had no knowledge, have no tendency to show Thayer's purposes in these transactions.

So too, the testimony of the defendant's manager, as to what his actual undisclosed intention was as to the delivery of the stocks, was immaterial.   The primary question was what was Thayer's intention, and as to the defendant, the question was what it had reasonable cause to believe in regard to Thayer's intention.   See *Marks* v. *Metropolitan Stock Exchange,* 181 Mass. 251, 254.

The plaintiff's bill of exceptions is founded upon his contention that the defendant cannot recover, under the statute, for payments made to the plaintiff under these contracts, on the ground that it was not a party contracting " to buy or sell " upon credit or upon margin, as Thayer was.   In *Lyons* v. *Coe,* 177 Mass. 382, it was held that a person, who was employed by another to buy or sell for his account, has no remedy, under this statute, to recover for payments made under such a contract, although the person who employs him has such a remedy.   As to the

defendant's claim under his declaration in set-off, the question is whether these were contracts on the part of the defendant with Thayer to buy or sell stocks from him or to him, or whether the defendant was merely employed as a broker by Thayer, "to buy or sell for his account." The plaintiff's request was for a ruling, as matter of law, that the defendant could not recover under the statute, which was equivalent to a ruling that it was a mere broker, and thus within the decision last cited. We are of opinion that the ruling was rightly refused. Even if there was evidence from which it might have been found as a fact that the defendant was merely employed as a broker, and was not contracting as a principal, and this we do not intimate, it could not be held as matter of law, upon any facts admitted, that this was its relation to Thayer.

Upon both bills there must be the same entry,

*Exceptions overruled.*

G. W. Anderson, (E. H. Ruby with him,) for the plaintiff.
G. F. Ordway, for the defendant.