Commonwealth *vs.* Market Warehouse Company & another.

Suffolk. November 18, 1924. — January 8, 1925.

Present: Rugg, C.J., Braley, Pierce, Carroll, & Wait, JJ.

*Warehouseman. Assignment,* Of chose in action, Validity. *Bond.*

The owner of goods damaged while in a public warehouse through negligence of the warehouseman may assign to another his right under G. L. c. 105, §§ 3, 27, to seek recovery for such damage under the bond given by the warehouseman to the Commonwealth, and, upon such assignment being made, the assignee is entitled under G. L. c. 231, § 5, to recover upon the bond in the owner's stead.

CONTRACT, upon a bond, given by the defendant under G. L. c. 105, § 1, the action being brought under §§ 3, 27, for the benefit of Jacob A. Karnheim, to whom the National Shawmut Bank and the Guaranty Trust Company of New York, as owners of goods deposited with the defendant as a public warehouseman, had assigned claims for injury resulting from the goods being damaged through negligence of the defendant. Writ dated September 16, 1921.

In the Superior Court, the action was heard by *McLaughlin,* J., without a jury. Material evidence and findings by the judge are described in the opinion. The defendant asked for the following rulings:

"1. On all the evidence and the law the plaintiff is not entitled to recover.

"2. In no event is this plaintiff entitled to recover.

"3. The attempted assignments by the Guaranty Trust Company and the National Shawmut Bank are ineffectual to bind the defendant to recognize, deal with or obligate the defendant to, the assignee, this plaintiff, either in respect to the contract of bailment or any duties or undertakings arising out of such contract.

"4. The nonnegotiability of the receipts precludes the holder thereof from assigning or transferring them or any

causes of action arising out of them so far as the defendant is concerned.

"5. The contract of bailment was exclusively between the National Shawmut Bank and the defendant and its obligations thereunder, if any, are to the National Shawmut Bank alone.

"6. The alleged breach of the bond declared upon is not assignable as against the defendant.

"7. The bond is for the sole benefit of the depositor named in the receipts."

"30. The bond, being under seal, is recoverable only by the obligee therein named, the treasurer of the Commonwealth or his successor."

The first, second, fourth and sixth rulings were refused, and the third and seventh were given. The fifth ruling was given with this modification: "The defendant, if liable to the assignor, is liable to its assignee, the assignment having been made in writing." The thirtieth ruling was given "with the qualification that the proceeds which the Commonwealth recovers are for the benefit of the person injured who," the judge ruled, might "assign his claim."

The judge found for the plaintiff in the penal sum of the bond, $5,000, and ordered execution in the sum of $3,284.02. The defendant alleged exceptions.

*James J. McCarthy,* for the defendants.

*A. Lincoln,* for Jacob A. Karnheim.

CARROLL, J. The defendant Market Warehouse Company (hereinafter called the defendant) as a duly licensed public warehouseman gave a bond, under G. L. c. 105, § 1, to the State treasurer for the faithful performance of its duties. The action is brought under § 3 of said chapter, which provides that whoever is injured by the failure of a licensed warehouseman to perform his duty, or by his violation of any provision of G. L. c. 105, may bring an action on the bond for his own benefit in the name of the Commonwealth. The surety was defaulted.

The action was brought for the benefit of Jacob A. Karnheim, hereinafter called the plaintiff. He was the agent in Boston of one Mautone and brother who shipped twelve hun-

dred bales of wool from Montevideo to Boston, to be sold in this market, consigning it and transferring title to the Guaranty Trust Company of New York, as security for advances. The National Shawmut Bank was the agent of the Guaranty Trust Company. Two hundred and twenty-seven bales of wool were deposited in the defendant's warehouse, in two deliveries; and two nonnegotiable receipts, one for each delivery, acknowledging that the wool was received on storage for the National Shawmut Bank, were given to the plaintiff, and by him to the bank. In May, 1921, the plaintiff purchased from the Guaranty Trust Company the entire Montevideo shipment, including the wool in the defendant's warehouse. It was found on June 8, 1921, that seventy-four bales of the wool in the defendant's possession were damaged because of the defendant's failure to exercise proper diligence in caring for the wool; that the wool was damaged before the plaintiff purchased it. In July, 1921, the Guaranty Trust Company assigned to the plaintiff the warehouse receipts, and in writing assigned "any and all claims, demands and causes of action whatsoever which it might have against . . . [the defendant] for violation of any obligation or duty arising from or relating to said bales of wool, the storage thereof, and any damage caused thereto, by the said Market Warehouse Company." On July 30 a similar instrument was executed by the National Shawmut Bank and delivered to the plaintiff. Both instruments were executed and delivered before this action was brought.

The right of action because of the defendant's tort, in failing properly to care for the wool and by reason of which it was damaged, was assignable. By G. L. c. 231, § 5, an assignee of a nonnegotiable legal chose in action, assigned in writing, may maintain an action thereunder in his own name, subject to the defences open to the defendant, had the action been brought in the name of the assignor. *Delval* v. *Gagnon*, 213 Mass. 203. The assignments to the plaintiff were executed and delivered before the date of the writ. *Bowen* v. *New York Central & Hudson River Railroad*, 202 Mass. 263. By these assignments all claims and demands

of the assignors against the defendant for its breach of any duty in the storage of the wool passed to the plaintiff. *Rogers* v. *Abbot,* 206 Mass. 270.

The defendant's request for a ruling that " the nonnegotiability of the receipts precludes the holder thereof from assigning or transferring them or any causes of action arising out of them so far as the defendant is concerned," was denied properly. The plaintiff's cause of action was founded on the defendant's breach of duty to care properly for the goods. The action is not brought on the receipts, and the plaintiff's right to recover does not arise out of the receipts. See in this connection G. L. c. 105, § 47, giving the assignee of a nonnegotiable receipt the right to require the warehouseman, on notification; to hold possession according to the receipt. *MacKeown* v. *Lacey,* 200 Mass. 437. G. L. c. 105, § 3, gives to the person injured by the warehouseman's neglect the right to recover, and to bring an action for his own benefit in the name of the Commonwealth on the bond of the warehouseman.

The defendant contends that, as the plaintiff was not the owner of the wool when the breach of duty occurred, he suffered no injury and therefore is not within the class of persons authorized to sue upon the bond under G. L. c. 105, § 3. The plaintiff's assignor, however, had the right under this section of the statute to bring an action on the bond in the name of the Commonwealth, and this right passed by the assignment in writing to the plaintiff. G. L. c. 231, § 5. See *Heard* v. *Calkins,* 234 Mass. 526, 530. The statute giving the assignee in writing the right to sue applies to all choses in action. The remedy, given by the statute to the party injured by the warehouseman's neglect, was not intended to be so limited as to exclude those whose rights were derived from the owner or person damaged in his property. It was not essential to the plaintiff's recovery that he should be owner of the wool when the damage was done; as the assignee of the owners he stood in their position and could recover on the bond. The statute was remedial. It was for the benefit of those who might suffer damages by the warehouseman's neglect. It is to be fairly construed.

The right to recover illegal interest under Rev. Sts. c. 35, § 3, by " the party paying the same " has been interpreted as including the debtor's assignee in insolvency. *Gray* v. *Bennett,* 3 Met. 522. *Tamplin* v. *Wentworth,* 99 Mass. 63. The stock gambling statute, G. L. c. 137, § 4, has been held to be a remedial and not a penal statute, giving the right, to a person entitled to sue, to discharge or release the claim. *Wall* v. *Metropolitan Stock Exchange,* 168 Mass. 282. And this right of action survives to the executor or administrator. *Chandler* v. *Prince,* 214 Mass. 180, 182. *Anderson* v. *Metropolitan Stock Exchange,* 191 Mass. 117, 121. Under an Act of Congress, 28 U. S. Sts. at Large, 280, § 5, requiring contractors to furnish a bond and giving a remedy to persons furnishing labor and material, it has been held that an assignee could sue on the bond. *United States* v. *Rundle,* 40 C. C. A. 450. *Title Guaranty & Trust Co.* v. *Puget Sound Engine Works,* 89 C. C. A. 618.

The language of the assignment was broad enough to assign the owner's rights and entitle the plaintiff to prosecute the action. It was not necessary that the obligee of the bond should execute the assignment, in order to give the plaintiff his right of action on the bond. The action in the name of the Commonwealth would be for the benefit of the injured party, and he could assign his rights thereunder. We find nothing in *Brooks* v. *Fitchburg & Leominster Street Railway,* 200 Mass. 8, in conflict with what is here decided. In our opinion, the right which the bank had to bring an action against the defendant under the statute, because of the damage to the wool when it was the owner, passed to its assignee, the plaintiff; and he could prosecute the action.

*Exceptions overruled.*