FEDERAL NATIONAL BANK *vs.* HARRY M. KOPPEL & another.

Suffolk.    March 18, 1925. — June 27, 1925.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Case stated. *Bankruptcy,* Discharge. *Waiver. Bills and Notes.*

Where an action of contract is heard by a judge without a jury upon an agreement by the parties that it shall be submitted to the court, jury trial being waived, upon a "statement of agreed facts," the action is heard as a "case stated" and belongs to the second class of cases described in *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133.

A discharge in bankruptcy under § 17 of the national bankruptcy act is a bar to an action against the bankrupt as maker of a promissory note given for money lent which was owed before and fell due after the date as of which the defendant was adjudged a bankrupt, although the note contained a provision "waiving all benefits of whatever kind or nature that any Laws give or intend to give for the advantage or protection of the maker hereof."

CONTRACT by the payee against the maker of the negotiable promissory note described in the opinion. Writ dated April 4, 1924.

By agreement of the parties, the case was "submitted to the court [jury trial being waived] upon" a "statement of agreed facts." Material facts are described in the opinion. In the Superior Court, the action was heard by *Qua,* J., who found for the defendants. The plaintiff appealed.

*S. L. Bailen,* (*W. J. Kenney* with him,) for the plaintiff.

*J. A. Daly,* for the defendant Rabinow.

*H. A. Eyges,* for the defendant Koppel.

RUGG, C.J. This case was submitted to the Superior Court on what is termed in the record "Agreed Statement of Facts." It is in truth a "case stated." *Frati* v. *Jannini,* 226 Mass. 430. It belongs to the second class of cases described in *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133. It comes before us rightly on appeal from an order for judgment made by a judge of the Superior Court. G. L. c. 231, § 96.

This is an action of contract against the makers on a promissory note, given for money lent, dated July 9, 1923, payable in three months. The note contained this clause: "waiving all benefits of whatever kind or nature that any Laws give or intend to give for the advantage or protection of the maker hereof." The indorsement contained the same clause. On July 14, 1923, an involuntary petition in bankruptcy was filed against the defendants and they were duly adjudicated to be bankrupts. The schedules filed by them as required by the bankruptcy act included the note here in suit. The plaintiff did not file proof of claim and received no dividend in the bankruptcy proceeding. The defendants on February 5, 1925, were duly discharged from all debts and claims provable under the bankruptcy act which existed on July 14, 1923. The claim of the plaintiff does not fall within any of the classes of debts excluded from the operation of a discharge in bankruptcy.

The question to be decided is whether a waiver of a discharge in bankruptcy made as a part of the promise on which the debt is founded is binding on the promisor after adjudication and discharge.

It is provided by § 17 of the bankruptcy act, 30 U. S. Sts. at Large, 550, that "A discharge in bankruptcy shall release a bankrupt from all his provable debts," with exceptions not here material. A discharge in bankruptcy does not extinguish the debt. It affords to the debtor a complete legal defence to an action on such debt if he chooses to avail himself of it. The remedy for the collection of the debt, but not its existence, is affected. *Citizens Loan Association* v. *Boston & Maine Railroad,* 196 Mass. 528. *Sibley* v. *Nason,* 196 Mass. 125, 131. It follows that a new promise to pay a debt, to which a discharge in bankruptcy might be pleaded in bar, made after discharge, is supported by the moral though not the legal obligation arising out of the old debt and the debt can be enforced at law. The bar of the discharge thus can be waived. *Nathan* v. *Leland,* 193 Mass. 576. *Custy* v. *Donlan,* 159 Mass. 245, 246. A promise to pay a debt made by the debtor after the adjudication but before the discharge likewise is enforceable. *Zavelo* v. *Reeves,*

227 U. S. 625.  These decisions do not reach to the facts of the case at bar.  One purpose of the bankruptcy act is to enable debtors to secure a release from the legally enforceable obligation of every debt provable against their estates and not of the excepted classes.  Its design is both to secure a ratable distribution of the property of the bankrupt among his creditors, and to enable an honest and deserving debtor to get a fresh start in life.  Plainly the note here in suit was provable in bankruptcy against the estate of the defendants. It would be repugnant to the purpose of the bankruptcy act to permit the circumvention of its object by the simple device of a clause in the agreement, out of which the provable debt springs, stipulating that a discharge in bankruptcy will not be pleaded by the debtor.  The bankruptcy act would in the natural course of business be nullified in the vast majority of debts arising out of contracts, if this were permissible.  It would be vain to enact a bankruptcy law with all its elaborate machinery for settlement of the estates of bankrupt debtors, which could so easily be rendered of no effect.  The bar of the discharge under the terms of the bankruptcy act is not restricted to those instances where the debtor has not waived his right to plead it.  It is universal and unqualified in terms. It affects all debts within the scope of its words.  It would be contrary to the letter of § 17 of the bankruptcy act as we interpret it to uphold the waiver embodied in this note.  So to do would be incompatible with the spirit of that section. Its aim would largely be defeated.

On principle the plaintiff's contention cannot be sustained. The waiver was a part of the debt established by the note. The waiver and the money lent together constitute the debt. So far as concerns the bankruptcy act, they are one.  The debt, having been provable in bankruptcy, is barred by the discharge, both in respect to the money lent and the agreement of waiver.

As matter of authority, the case at bar is governed in principle by *Reed* v. *Frederick*, 8 Gray, 230.  That case arose under the insolvency law of this Commonwealth.  Its bar arising from discharge was in substance the same as that of the present Federal bankruptcy act.  It there was held

that the bar of such a discharge was not lifted by a promise to pay made before the proceedings in insolvency were instituted. That point of the decision was affirmed in *Lerow* v. *Wilmarth*, 7 Allen, 463. In principle this conclusion is supported by *Corey* v. *Griffin*, 181 Mass. 229, 233, *Bosler* v. *Rheem*, 72 Penn. St. 54, and *Equitable Life Assurance Society* v. *Clements*, 140 U. S. 226. See *Shea* v. *Metropolitan Stock Exchange*, 168 Mass. 284 note; *Chicago, Burlington & Quincy Railroad* v. *McGuire*, 219 U. S. 549, 565. The case at bar is distinguishable from *Webber* v. *Williams College*, 23 Pick. 302. So far as *Kingston* v. *Wharton*, 2 Serg. & R. 208, is inconsistent with the conclusion here reached, we are constrained not to follow it.

<div align="right">

*Order of judgment for defendants affirmed.*