NEHEMIAH A. BAKER *vs.* THOMAS E. KEMP & another.

Barnstable.   December 9, 1937. — February 28, 1938.

Present: RUGG, C.J., FIELD, LUMMUS, QUA, & COX, JJ.

*Land Court,* Petition for review.

A petition under G. L. (Ter. Ed.) c. 185, § 45, for review of a decree of
the Land Court registering land to the respondent rightly was dis-
missed, even if the decree had been obtained by fraud in preventing
the petitioner from having notice of the proceedings for registration,
where the judge who heard the petition for review found that the
petitioner in fact had no title to nor interest in the land.

PETITION for review, filed in the Land Court on June 12,
1935.

The petition was dismissed by *Corbett,* J.  The petitioner
alleged exceptions.

The case was submitted on briefs.

*W. E. Weeks,* for the petitioner.

*C. S. Morrill,* for the respondents.

LUMMUS, J.  This is a petition under G. L. (Ter. Ed.)
c. 185, § 45, for the review of a decree of the Land Court
obtained by the respondents on December 27, 1934, regis-
tering in them title to land in Wellfleet.  The respondents,
and the examiner of titles to whom the petition for regis-
tration of title was referred, knew that the present peti-
tioner for review made claim to part of the land, but failed
to disclose the fact to the Land Court.  The petitioner for
review had no notice of the proceedings for registration of
title until after the decree of registration.  We assume in
his favor that the conduct of the respondents, whatever its
moral quality, was a fraud in law.  But in order to obtain a
review of the decree, the petitioner must show, not only
that the decree was "obtained by fraud," but also that he
was thereby "deprived of land," or an "estate or interest
therein."  Because the judge found that the petitioner had
not been deprived of any land or any interest or estate

therein, he dismissed the petition for review, and the petitioner alleged exceptions.

The parcel of which the petitioner contends that he was deprived is called Parcel D, containing about two and one quarter acres. It is the eastern part of a point of land extending southerly into Long Pond and dividing the pond into its east and west bays. It is bounded on the north by another parcel registered, on the east and south by the pond, and on the west, next to the pond, by land of Austin E. Dyer and another, next by land of Arthur H. Rogers and another, and still more northerly along the western boundary by another parcel registered.

The respondents proved title for more than a century. Robert Kemp died in 1816, leaving his real estate to his wife Anna for life with power to sell it. In 1825 by a deed recorded in 1826 she conveyed various parcels to her son Wells E. Kemp, one of which was Parcel D. It was then described as follows: "One other lot of woodland, bounded: — On the East by the Long Pond; On the South by said Pond and the Dyer land, and, On the West by a range of marked trees in William Kemp's range." With the exception that the Dyer land lies west rather than south, the foregoing description is accurate. Wells E. Kemp died seized of the parcel, and by a deed dated and acknowledged in 1869 though not recorded until April 10, 1934, his heirs conveyed to Thomas Kemp several parcels among which was included Parcel D under substantially the same description. Thomas Kemp died on December 17, 1904, and the respondents are his heirs and those of his widow who survived him less than two years.

The petitioner's claim of title is of more recent origin. A deed of Solomon Dyer and Knowles D. Atwood to Knowles Dyer, dated and acknowledged in 1856 and recorded in 1883, refers to the point as Atkins Point, and conveys by lines running across the pond from east to west land on both sides of the pond. But by an exception the continuity of the lines is broken at Atkins Point, and only the "Westerly point," that part of Atkins Point lying west of "where the range run north and south . . . by marked trees north

and south from the pond to said Kemp range," is conveyed. Apparently the title to Parcel D was then not claimed by Knowles Dyer. The petitioner shows no title from any member of either the Kemp family or the Dyer family. One or the other of these families owned all the land in the neighborhood. He claims only under a deed from the administratrix of the estate of Nehemiah M. Baker to George Baker of a parcel the boundaries of which may include Parcel D. This deed was dated and acknowledged in 1884 but was not recorded until July 13, 1935. How Nehemiah M. Baker obtained or could obtain any title to Parcel D is not shown. Since so far as appears he had no title for his administratrix to convey, it is of no importance whether her deed or any other deed in the petitioner's chain of title was recorded before or after the deeds under which the respondents claim title. *Bates v. Norcross,* 14 Pick. 224, 231. *Baker v. Miller,* 284 Mass. 217, 223.

The finding of the Land Court that the petitioner had no land or interest or estate therein was warranted by the evidence. That finding precluded the granting of this petition for review or his application for registration. Nothing in the requests for rulings requires further discussion.

*Exceptions overruled.*