THE WAREHAM SAVINGS BANK *vs.* MALCOLM F. PARTRIDGE & others.

Barnstable. April 6, 1944. — September 14, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Mortgage,* Of real estate: reformation. *Frauds, Statute of. Land Court,* Petition for review. *Words,* "Obtained by fraud."

In the absence of a memorandum sufficient to satisfy the statute of frauds, or of an estoppel to set it up, that statute, if pleaded, would prevent reformation of a mortgage by the inclusion of additional land omitted therefrom by fraud or mutual mistake.

A mortgagee prevented by the statute of frauds from securing reformation of the mortgage on the ground that by fraud or mutual mistake it covered only a part, instead of the whole, of a tract of land, was not, within G. L. (Ter. Ed.) c. 185, § 45, deprived of an interest in the tract by fraud of the landowner in obtaining registration of the tract subject to the mortgage as written, and was not entitled to maintain a petition for review under § 45.

BILL IN EQUITY, filed in the Land Court on March 8, 1943.

The case was heard by *Fenton,* J.

*H. Williams,* (*T. Otis* with him,) for the plaintiff.

*F. B. Frederick,* (*H. C. Perkins* with him,) for the defendants.

LUMMUS, J.   This is an appeal by a mortgagee of registered land from a final decree dismissing its bill for reformation of its mortgage and of a certificate of title to the mortgaged land, so that certain land would be covered by the mortgage that was omitted from it because of fraud or mistake.   The record on appeal contains "findings, rulings and order for decree" filed by the judge before the entry of the final decree, and a report of the evidence under Rule 6 of the Land Court (1935), reported on the theory that that rule adopts among other rules Rule 76 of the Superior Court (1932).   We assume in favor of the appellant, without deciding, that the equity practice prevailing in the Superior Court governs and is not restricted by G. L. (Ter. Ed.) c. 185, § 15.   See G. L. (Ter. Ed.) c. 185, § 1 (k), as amended by St. 1934, c. 67; *Lynn Institution for Savings* v. *Taff,* 314 Mass. 380.

Fannie E. Partridge, a widow, from whom the defendants derive title, owned a tract of land in Barnstable.   The plaintiff's case is as follows.   By reason of fraud of Mrs. Partridge, or a mutual mistake on her part and that of the plaintiff, or a mistake on the part of the plaintiff known to her (*Mates* v. *Penn Mutual Life Ins. Co.* 316 Mass. 303) — for the purposes of this case it being immaterial which — a mortgage taken by the plaintiff upon part of the tract owned by Mrs. Partridge failed to include the house and the remainder of the tract all of which was to be given and received as security.   In 1935 she filed a petition in the Land Court to register title to the tract subject to the mortgage of the plaintiff as written.   The plaintiff though notified failed to oppose the petition, and after the death of Mrs. Partridge the title was registered upon her petition in the names of her two sons, the present defendants, who were her heirs and devisees, subject to the mortgage of the plaintiff as written.   Later the plaintiff discovered that it had not the security contracted for, and brought this bill.

We assume that the statutory provision for review pro-

vided by G. L. (Ter. Ed.) c. 185, § 45, is exclusive of all other remedies in the nature of review. See *Baker* v. *Kemp,* 299 Mass. 490. That provision gives a right to petition for a review "within one year after the entry of the decree," to a person who has been "deprived of land, or of any estate or interest therein," by a decree "obtained by fraud."

We assume, further, that a bill like the present, brought within one year after the decree, could be treated as a petition for review under § 45. *Commonwealth* v. *Wakelin,* 230 Mass. 567, 571. *Stoskus* v. *Stoskus,* 315 Mass. 12, 16. *Parry* v. *Parry,* 316 Mass. 692.

We assume, further, that the statutory words "obtained by fraud" require so called extrinsic fraud, that is, fraud in the procedural steps leading to the decree as contrasted with fraud in the case presented for adjudication. Such extrinsic fraud, in the absence of a restrictive statute like § 45, is on general principles ground for an injunction against the enforcement of a judgment or decree. *Stephens* v. *Lampron,* 308 Mass. 50. *O'Sullivan* v. *Palmer,* 312 Mass. 240. *United States* v. *Throckmorton,* 98 U. S. 61. *Hazel-Atlas Glass Co.* v. *Hartford-Empire Co.* 322 U. S. 238, 259, and cases cited, 261, note. *Dowagiac Manuf. Co.* v. *McSherry Manuf. Co.* 155 Fed. 524. *Toledo Scale Co.* v. *Computing Scale Co.* 281 Fed. 488, affirmed 261 U. S. 399. And we assume that the decree was "obtained by fraud" within the statute. All these assumptions are made without decision.

Nevertheless fraud in obtaining the decree does not entitle the plaintiff to relief from the effect of a decree of registration unless such fraud caused the plaintiff to be "deprived of land," or some "estate or interest therein." *Baker* v. *Kemp,* 299 Mass. 490. If the plaintiff was deprived of any interest, it was an equitable interest to have the mortgage reformed. In *Johnson* v. *Rosengard,* 299 Mass. 375, it was held that an equitable interest to have specific performance might be adjudicated upon a petition for registration. See also *St. George's Church* v. *Primitive Methodist Church,* 315 Mass. 202, 206.

But it is settled in Massachusetts that the statute of

frauds, which is pleaded in this case (*Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390), prevents the reformation of a deed by the addition of land which was omitted from the deed by the error of a draftsman although called for by the oral agreement of the parties. It is immaterial whether the omission was due to fraud or mere mistake. *Glass* v. *Hulbert*, 102 Mass. 24. *Tracy* v. *Blinn*, 236 Mass. 585, 587. *Andrews* v. *Charon*, 289 Mass. 1, 3.

The application upon which the mortgage loan was granted in 1929 was not signed by Mrs. Partridge, although it was made by her, and as to that mortgage, the only one now outstanding, there was no sufficient memorandum to satisfy the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1. There was no sufficient part performance to raise an estoppel against setting up the statute. Mrs. Partridge and her estate remained liable upon the note until that liability was lost by the neglect of the plaintiff to bring a seasonable action. *Andrews* v. *Charon*, 289 Mass. 1, 4, et seq. *Levin* v. *Rose*, 302 Mass. 378, 381, 382. The plaintiff had no enforceable "interest" in the property of which it was deprived by any fraud in obtaining the decree of registration of title.

*Decree dismissing bill affirmed.*