## CLARA A. HILL *vs.* WARNER V. TAYLOR.

Barnstable.   November 6, 1945. — January 2, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Land Court*, Decree, Registration. *Real Property*, Registered land: decree of registration.

Alleged error in an original decree of the Land Court for confirmation and registration of title to land could not be corrected under G. L. (Ter. Ed.) c. 185, § 114, or otherwise, upon exceptions saved by an adjoining owner in a subsequent proceeding in that court in which the registered owner sought to have stone bounds, set by a surveyor after the original decree and purporting to mark a common boundary determined thereby, "made a matter of record."

PETITION, filed in the Land Court on May 15, 1944.

The case was heard by *Fenton*, J.

*Q. Taylor*, for the respondent.

*F. P. Harrison*, for the petitioner, submitted a brief.

LUMMUS, J.  Title to certain land in Falmouth was registered in the petitioner Hill. The land so registered lies to the south of a private way called Cedar Avenue, which forms a curve or bulge to the north. To the north of Cedar Avenue lies the land of the respondent Taylor. The boundary is the southerly side line of Cedar Avenue, but the petitioner has a right of way over Cedar Avenue.

The decree of confirmation and registration of title in the petitioner Hill was entered on April 27, 1937, following our decision in *Hill* v. *Taylor*, 296 Mass. 107. That decree bounded the land registered "northerly, northeasterly and easterly by the southerly, southwesterly and westerly lines of Cedar Avenue five hundred eighty-nine and 44/100 (589.44) feet," and then declared that "all of said boundaries . . . are determined by the court to be located as

shown upon plan numbered 13140–A, which will be filed with the original certificate of title issued on this decree." Such a plan existed, and was filed accordingly.

In the spring of 1944 a civil engineer named White, acting for the petitioner Hill, set stone bounds to mark the boundary line along the southerly side of Cedar Avenue. He reported his doings to the engineer of the Land Court on April 22, 1944, with an accompanying plan showing the bounds as set. On May 15, 1944, the petitioner Hill filed a petition praying "that the setting of these bounds be made a matter of record by having them placed upon the plan filed in the Barnstable Registry, or by causing a new plan to be made showing all of the bounds now existing marking the line as registered . . .." The respondent Taylor appeared in opposition.

The Land Court found on January 3, 1945, that the bounds set by White were in conformity to the final decree of confirmation and registration and the plan referred to in it, ordered a new plan made and filed showing those bounds, and ordered the certificate of title of the petitioner Hill modified by the insertion of a reference to such new plan. The respondent Taylor alleged exceptions.

All of the exceptions relate to alleged error in the final decree of confirmation and registration and the plan that accompanied it and was made a part of it, resulting from an asserted failure to follow the evidence and the findings upon which that decree was based.

But a final decree is a definitive judgment that binds the parties, even though it does not conform to the evidence or the findings or the order for a decree. *Peter* v. *Sacker*, 271 Mass. 383, 386. If the failure to make the decree so conform was error, it could have been corrected only upon some seasonable and legally recognized proceeding for appellate or other review. The statute provides that a "decree of confirmation and registration," such as was entered on April 27, 1937, "shall bind the land and quiet the title thereto," with certain immaterial exceptions, and shall not be opened "by any proceeding at law or in equity for reversing judgments or decrees," with an immaterial excep-

tion.  G. L. (Ter. Ed.) c. 185, § 45.  *Wareham Savings Bank* v. *Partridge,* 317 Mass. 83.

The respondent Taylor relies upon G. L. (Ter. Ed.) c. 185, § 114, authorizing any person in interest to apply by petition to the Land Court upon the ground that "any error or omission was made in entering a certificate or any memorandum thereon, or on any duplicate certificate," or "upon any other reasonable ground."  *St. George's Church* v. *Primitive Methodist Church,* 315 Mass. 202, 205, 206.  But he overlooks that part of the same section that provides that "this section shall not authorize the court to open the original decree of registration."

*Exceptions overruled.*