GRAY et al. v. UNITED STATES.
Civ. A. No. 7007.

District Court, D. Massachusetts.
April 29, 1948.

Herbert S. Avery and Avery, Dooley, Post & Carroll, all of Boston, Mass., for plaintiffs.

William T. McCarthy, U. S. Atty. and Gerald J. McCarthy, Asst. U. S. Atty., for the Government.

HEALEY, District Judge.

This action was instituted by Morris Gray and the State Farm Mutual Liability Insurance Company as plaintiffs against the United States of America under the Federal Tort Claims Act, 28 U.S.C.A. § 921 et seq., for damage caused an automobile belonging to the plaintiff Gray through the alleged negligence of the driver of a United States Navy ambulance which collided with Gray's car.

Before answer, the United States filed a motion that the action be dismissed as to the plaintiff insurance company on the ground that the Federal Tort Claims Act does not expressly grant consent to suit by the subrogee of a claimant.

Paragraph IV of the complaint is as follows:

"The plaintiff, State Farm Mutual Liability Insurance Co., carried a policy of collision upon the automobile of said plaintiff, Morris Gray, as the result of which the plaintiff, State Farm Mutual Liability

Insurance Co., became obligated and did pay to said Morris Gray under the provisions of his policy on account of the damages caused in the accident above described, the sum of $485.00, as the result of which the plaintiff, State Farm Mutual Liability. Insurance Co., became subrogated to the right of Morris Gray to collect that amount and hereby asserts his claim for said $485.-00, being the amount paid to said Morris Gray under its policy on account of said damages to his automobile caused by said accident. For balance of said $710.00, namely, $225.60, the plaintiff, Morris Gray, claims recompense from the defendant together with a reasonable allowance for the personal injuries sustained by the plaintiff, Morris Gray as the result of said accident."

The defendant contends that the act does not expressly grant consent to suit against it by the subrogee of a claimant, and that consent of the United States of America to be sued, being a relinquishment of sovereign immunity, must be strictly interpreted.

The relevant parts of Section 410 of the Federal Tort Claims Act are as follows: 28 U.S.C.A. § 931:

"Subject to the provisions of this chapter, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred, * * * shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, * * * on account of damage to or loss of property * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred.** Subject to the provisions of this title, *the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to. the same extent, as a private individual under like circumstances,** except * * *."

Section 411 of the act, 28 U.S.C.A. § 932, is as follows:

"In actions under this subchapter, the forms of process, writs, pleadings, and motions, and the practice and procedure, shall be in accordance with the rules promulgated by the Supreme Court pursuant to section 723b and 723c of this title * * *."

Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, is as follows:

"Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party *for whose benefit the action is brought* * * *."

The first question to be determined is whether under the circumstances, a private individual tort-feasor would be liable to the plaintiff insurer under the laws of Massachusetts in a suit brought in the insurer's name as well as in the name of the assured.

In determining the insurer's right to bring suit in its own name, it is to be noted that the plaintiff insurer, by the terms of the policy, became the subrogee rather than the assignee of the insured's claim. It is not, therefore, entitled to the benefit of the provisions of General Laws of Massachusetts (Ter.Ed.) Chapter 231, § 5, which permits an assignee under a written assignment to sue in his own name. Its rights remain as they were at common law.

At common law in Massachusetts, the subrogee had no right to sue the tortfeasor in his own name. His rights were considered to be equitable in nature entitling him to sue the tort-feasor only in the name of the insured. Clark v. Wilson, 103 Mass. 219, 4 Am.Rep. 532. Under the modern codes, the same situation exists where the value of the subrogor's alleged right exceeds the amount paid him by the insurer-subrogee. Southern Railway Company v. Blunt & Ward, C. C., 165 F. 258.

Therefore, since a private person tort-feasor would not be liable to the plain-

---

* Emphasis added.

tiff insurer in a suit in the insurer's own name, under the laws of Massachusetts, it is my opinion that the United States is not liable to the plaintiff insurer in a suit brought in this court in the insurer's own name.

The fact that under 28 U.S.C.A. § 932, the forms of process, writs, pleadings, and motions, and the practice and procedure under this act must be in accordance with the Federal Rules of Civil Procedure, does not alter this result.

Rule 17(a) prescribes that every action shall be prosecuted in the name of the real party in interest. The real party in interest here is the plaintiff owner of the car. The fact that the plaintiff insurer has become subrogated to a part of the owner's claim does not make it the real party in interest to a suit for the whole claim. The plaintiff owner may prosecute its action against the defendant for all damages due to the negligence of the defendant's agent. In such a suit, it is no defense that the insurer has paid the insured a part of the damage in accordance with the terms of the policy. The plaintiff insured is entitled to recover the full amount of his damages, of which amount he will hold the sum paid to him by the insurer as trustee. In this manner, the insurer's rights are amply protected and the government is not subjected to a multiplicity of suits on one claim.

The motion to dismiss as to the complaint of the plaintiff-insurance company is allowed.

The Clerk will prepare an order in accordance with this memorandum.