*Southern District*

No. 21559

COSIMO PERRY

v.

GERALD E. BRUEN

*Callan, J.* During the pendency of two actions brought by Del Prete Construction Company, one against the defendant in this case and the other against the plaintiff in this case, this action of contract was instituted in which the plaintiff seeks to recover damages in the first count for certain work done and materials furnished under an agreement in connection with the construction of a house in Hingham. The second count is on an account annexed for the same work and materials furnished. To this the defendant answered by way of a general denial, payment and plea of *release* by the plaintiff. (Kalus, J.)

The only question in this case is whether the *release* is such as would relieve the defendant from liability. The facts which are undisputed indicate that the defendant in November, 1952 requested the plaintiff to have the Del Prete Construction Co., hereinafter called the Company, do certain construction work on the premises owned by the defendant and supply gravel and fill for which the defendant agreed to pay the plaintiff. The work as requested was done by the Company. Upon receipt of a bill from the Company in the amount of $525.20 the plaintiff turned the same over to the defendant for payment, which bill was disputed by him and payment of the same refused.

The plaintiff subsequently performed for the defendant other services not related to the items in this action in connection with the construction of the defendant's house for which a bill dated January 23, 1953 was rendered to the defendant in the amount

of $505.69. Some of the items were questioned by the defendant but an adjusted payment was made by the defendant to the plaintiff by the issuance of two checks at which time the defendant wrote in long hand on the reverse side of the bill and which was signed by the plaintiff the following:

"The within bill paid in full. In consideration of payment I hereby release Jean S. Bruen and Gerald E. Bruen of all claims, demands, accounts, debts and all other forms in connection work 30 Bradley Hill Road, Hingham." (Signed) Cosimo Perry.

There was no discussion at the time of signing of the pending Del Prete Company matter.

The defendant filed the following requests for rulings, all of which were denied, with the notation "Denied" (See findings of facts)".

1. The evidence is insufficient to warrant a finding for the Plaintiff.

2. The evidence does not warrant a finding for the Plaintiff.

3. The execution of a release by the Plaintiff precludes any recovery by the Plaintiff for labor or material supplied or done prior to release.

4. The evidence does not warrant a finding for the Plaintiff since he executed a release to defendant.

5. The execution of release is a legal defense to action for labor or material supplied prior to release and therefore does not warrant finding for the Plaintiff.

6. As a matter of law on all the facts the Plaintiff, by release executed March 16, 1953, released the Defendant from any and all claims which he then had or might have had against the Defendant for any work done prior thereto.

7. As a matter of law on all the facts the Plaintiff, having executed a general release on March 16, 1953, which included within its terms all demands and claims of every nature, released the Defendant from any and all claims which the Plaintiff then had or might have had against the Defendant, even though some matters may not then have been in the minds of the parties.

8. As a matter of law on all the facts the Plaintiff, by general

release executed March 16, 1953, released the Defendant from any and all claims which he then had, even though in some respects a claim might then have been dependent upon contingency that did not happen.

9. By execution of release on March 16, 1953, the Plaintiff has waived any right of action which he might have had against the Defendant for any claims alleged in the declaration.

The judge found for the plaintiff in the sum of $525.20 and at the same time made a finding of facts in which he found, among other things that the plaintiff did not understand that he was extinguishing his claim against the defendant on the Del Prete matter and that there was no consideration for this release other than the payment of the bill as therein set forth, and consequently no bar to this action. The defendant claims to be aggrieved by the denial of his Requests.

If there was no consideration for the release in question it is no bar to the plaintiff's claim. The bill of January 23rd contained items disputed by the defendant. Our cases have held that the payment of less than the whole amount of a bona fide disputed claim constitutes consideration for a release from liability for the entire sum. *Chamberlain v. Barrows,* 282 Mass. 295. The release itself recites, "in consideration of payment." There was consideration for the release and there being no evidence of fraud, deceit, duress or misrepresentations surrounding the execution of the release, the release is a valid one. From the wording contained in the first sentence it is clear that it operated to discharge the claim of January 23rd. The words, "the within bill paid in full" were all that were necessary. To disregard the other sentence contained in the release would not give full effect to the intention of the parties. It cannot be regarded as surplusage. It is clear and unambiguous. The account on which the present action is based and the bill of January 23rd both relate to work done at 30 Bradley Hill Road, Hingham. The bills differ only in amount and time when the work was per-

formed. A release may be in any form of words, but general words of release may be controlled by recitals and by context showing that unless the words of release are so restricted the object of the writing will be frustrated. *Rice v. Woods*, 21 Pick 30. If it was the intent to exclude any existing liability from the release it should have been expressly set forth therein. *Deland v. Amesbury Woolen Mfg. Co.*, 7 Pick 244, 246; *Radovsky v. Wexler*, 273 Mass. 254, 258; *Tupper v. Hancock*, 319 Mass. 105.

The judge found that the plaintiff did not in any way understand that he was extinguishing his claim against the defendant in this case. There does not appear to be evidence to support this finding but even if there was, a release absolute and unequivocal in its terms cannot be explained by parole evidence (*Deland v. Amesbury Woolen Mfg. Co.*, 7 Pick 244) even though the matters embraced were not necessarily in the minds of the parties at the time. *Hyde v. Baldwin*, 17 Pick 303; *Klopot v. Metropolitan Stock Exchange*, 188 Mass. 335; *Willett v. Herrick*, 258 Mass. 585. The fact that the plaintiff did not, or could not, read the release or did not comprehend its import was immaterial. *Costello v. Hayes*, 249 Mass. 349.

In our opinion the release destroyed the plaintiff's cause of action. *Klopot v. Metropolitan Stock Exchange*, 188 Mass. 335, 337. See *Pitman v. J. C. Pitman & Sons, Inc.*, 324 Mass. 371.

An order is to be entered vacating the finding for the plaintiff and an entry is to be made of "Judgment for the Defendant." *So ordered.*

Charles D. Driscoll, for the plaintiff.
Gerald Bruen, for the defendant.