*Municipal Court of the City of Boston*

No. 329294

### DANIEL IANDOLI

v.

### MARY J. DONNELLY ET AL, TRUSTEES
### d/b/a JOHN DONNELLY & SONS

(September 24, 1954)

*Fox, J.* This is an action of tort to recover damages for injury done to an automobile parked on a street in Somerville, when it was struck by the face of a billboard, owned by the defendants, which was blown by the wind from the roof of the building in front of which the automobile was parked, the defendants' negligence being alleged as the cause of the accident. The answer was a general denial.

*There was evidence that* the billboard had been erected and was owned by the defendants, and that it was framed with angle-iron framing carrying a sheet-iron facing, boat-lapped at the panel joinings and fastened to the frame with thirty-three "J" bolts; that the frame remained undisturbed after the face was torn off; that the construction was standard for billboards; that the sign in question had been inspected within three (3) days of the accident; that the face, at the time, was properly fastened and in better than average condition; that during the day, shortly before midnight of which the board fell,

the wind velocity reached a peak gust speed of fifty-seven miles per hour; that the night in question was a "very windy night"; that no other billboard of the three-thousand (3,000) billboards owned by the defendants was blown down on that night.

There also was evidence that the automobile was damaged to the extent of one-hundred and ninety-eight ($198) dollars, and that the insurance company which insured the car against damage from collision paid the owner the sum of one-hundred and ninety-eight ($198) dollars, and took from him a signed "Subrogation Receipt" acknowledging the payment, assigning his claims arising out of the loss to the insurer, and subrogating the insurer to his claims.

The trial judge (Adlow, C. J.) found that the action was brought in the name of the owner of the automobile by the insurance company which insured it against damage from collision, expressly found that the defendants were negligent, and entered a finding for the plaintiff in the sum of one-hundred and ninety-eight ($198) dollars.

The defendants made the following requests for rulings:

"1. The plaintiff has failed to prove that the defendants were guilty of negligence and the finding must be for the defendants.

"2. The assignment under which the Employers Fire Insurance Company of Boston brings this action is a partial assignment of Iandoli's cause of action against the defendants; is invalid at law and because of its invalidity, the plaintiff cannot recover against the defendants."

The Court denied the rulings requested and reported the same to the Appellate Division for determination.

On the reported evidence the billboard was in the control of the defendant and had been erected by it. It appeared that on the night in question it was subjected to a wind that was no higher in velocity than might have been reasonably anticipated, and further,

that three thousand billboards owned by the defendant withstood the gale on that night, and that this was the only one that blew down sufficed to indicate that there was something wrong with the basic construction of the billboard. In our opinion there was ample evidence to warrant a finding that this billboard had been negligently constructed. *Conley v. Morash*, 307 Mass. 430.

With respect to the defendant's contention that the plaintiff was only a nominal plaintiff and that the real interest in the case was owned by the insurance company by virtue of a subrogation right which it enjoyed under its policy, that question raised by the defendants is hardly in issue, in view of the fact that the action is brought in the name of the original injured party as plaintiff. *Hart et al v. The Western Railroad Corporation*, 13 Metcalf 99. *General Exchange Ins. Co. v. Driscoll*, 315 Mass. 360. See *Gray et al v. U.S.*, 77 F. Supp. 869.

Nor is the argument valid here that the damages awarded are in satisfaction of only a part of the damages suffered by the plaintiff, and that a partial claim cannot be assigned. First, it does not appear from the pleadings or from the evidence that this is a partial claim, and the fact that the action is brought in the name of the party originally injured and not in the name of the assignee permits of no uncertainty with respect to the conclusiveness of any adjudication so far as it effects the rights of the parties. See *Dearden v. Hey*, 304 Mass. 659.

The plaintiff had a single cause of action arising from a tortious act, and the adjudication in this case definitely terminates whatever rights he might have to any further claims for damages or injury. *Doran v. Cohen*, 147 Mass. 342.

*Report Dismissed.*

Mary W. Fidler, for the plaintiff.

Albert W. Wunderly, for the defendant.