*Northern District*

No. 5067

STEFAN R. WALKOWICZ

v.

MICHAEL A. GISO

(May 14, 1957)

*Present*: GADSBY, P. J., ENO, NORTHRUP, J.J.

*Northrup, J.* This is an action of tort to recover for personal injuries alleged to have been sustained as the result of the negligent operation of a motor vehicle owned and operated by the defendant. The defendant's answer is a general denial, a plea of contributory negligence and a plea in bar based upon the alleged execution and delivery by the plaintiff of a general release, releasing the defendant from all claims arising out of the alleged accident.

*At the trial there was evidence tending to show*

*that* the motor vehicle owned and operated by the plaintiff, while stopped in line of traffic, was struck in the rear and damaged by a motor vehicle owned and operated by the defendant. The evidence was conflicting on the question of whether the plaintiff stopped suddenly and also on the question of whether the plaintiff's stoplights were working at the time of the accident. The evidence was also conflicting on the question of whether the plaintiff suffered any personal injuries as a result of the accident. On this point, the report states:

> ". . . . . . . the plaintiff received medical treatment for various personal injuries, though the evidence was conflicting as to whether the said injuries were casually* related to the accident."
> *"casually" is presumably intended to be "causally."

The parties agreed for the purpose of the trial that the defendant was insured by the Pioneer Mutual Insurance Company for property damage and by the Employers' Liability Assurance Company for personal injuries.

The defendant in support of his defense based upon the execution and delivery of release, introduced evidence tending to show that a representative of The Pioneer Mutual Insurance Company, which insured the defendant for *property damage only,* obtained from the plaintiff a written release. This release, the consideration for which was $168.00 was introduced in evidence. The release itself, however, is not set forth in the report, nor are the essential terms of the same incorporated therein. The defendant sought to prove by parol evidence that the release was intended as a release of the plaintiff's claim for property damage only and that it was mutually understood that the release was not to affect the plaintiff's claim for personal injuries. The testimony offered by the defendant in support of this contention was excluded by the Court.

At the conclusion of the testimony and before final argument, the plaintiff duly filed the following requests for rulings:

1. Upon all the evidence a finding that the defendant was negligent would be warranted.

2. If the Court finds that the defendant's motor vehicle struck the plaintiff's motor vehicle in the rear after the plaintiff's motor vehicle had been stopped for several seconds in a line of traffic and was pushed forward four or more feet, the Court would be warranted in finding that the defendant was negligent.

3. Upon all the evidence, the Court would be warranted in finding that when the release was signed by the plaintiff on October 4, 1954, it was intended to be a release of only the plaintiff's claim against the defendant for property damage and not of the plaintiff's claim for personal injuries.

4. Upon all the evidence the Court would be warranted in finding that when the plaintiff signed the release dated October 4, 1954, it was due to the mutual mistake of both parties to its execution that the release did not recite that it was a release of only the plaintiff's claim against the defendant for property damage.

5. Upon all the evidence the Court would be warranted in finding that the mistake of the Plaintiff in not including in the release signed by him on October 4, 1954, that it was a release of only his claim for property damage was known to the other party to its execution at the time of its execution.

6. Upon all the evidence the Court would be warranted in finding that both the plaintiff and the defendant's representative in signing the releases dated October 4, 1954, intended that it embrace only the claim for property damage which the plaintiff had against the defendant.

The Court allowed plaintiff's request No. 1 and No. 2, denied No. 3, No. 4, No. 5 and No. 6 and made a general finding for the defendant.

The Court, however, made no findings of special facts to indicate upon which of the several defenses set up by the defendant in his answer, its finding for the defendant was based, nor is there anything in

the report indicative thereof. So far as the report is concerned, the Court's finding for the defendant may have been based upon a finding that the plaintiff had not sustained the burden of proving negligence on the part of the defendant. Or, it may have been based upon the finding that the plaintiff was guilty of contributory negligence or that he had suffered no injury from the accident or it may have been based upon a finding that the plaintiff's action was barred by the delivery of the release. There is nothing in the report, however, to indicate upon which of the five above-mentioned defenses, the Court's finding for the defendant was made.

■ The materiality of all of the questions of law raised by the plaintiff in the report is wholly conditioned and predicated upon a finding that the plaintiff's action was barred by the execution and delivery of a release. In spite of this fact, no statement of such a finding appears in the report. Any conclusion as to the basis of the Court's finding in this case is left by the report to speculation and inference. However, the case was argued by counsel upon the theory that the finding for the defendant was based upon a finding by the Court that the plaintiff's action was barred by the execution and delivery of a release. We, therefore, consider the case upon that assumption.

Again, however, the report is found wanting, in that there is nothing in the report to show that the release given by the plaintiff was actually and in effect a release of the plaintiff's claim for personal injury. In fact, the report does not even state that the release was a general release. The only description of the release or statement as to the terms of the same is contained in the report on page 3 and reads as follows:

"The defendant through a representative of the insurance company which insured the defendant

for property damage introduced evidence that he had obtained a release signed by the plaintiff which release was introduced in evidence."

Again, it can only be assumed that the release was a general release and that it purported by its terms to release the defendant from all claims arising out of the accident, including his claim for personal injuries. Our assumption is based solely upon the fact that the case was argued upon that basis by both counsel and that in the plaintiff's brief, the plaintiff concedes this to be true. Nevertheless this Court should not be obliged in such matters to resort to speculation and conjecture. The issues should be clearly stated in the report together with all facts pertinent thereto as required by Rule 28. Certainly if the issues intended to be raised by the report are those argued by counsel, there has been no compliance with Rule 28 in the case at bar. However in view of our decision there is no prejudice to the defendant in our considering the issues on the foregoing assumptions.

Thus considered, the following are the issues raised by the report:

1. Did the Trial Court err in denying the plaintiff's request for rulings Nos. 3, 4, 5, and 6.

2. Did the Trial Court err in ruling as immaterial certain agreed facts (hereinafter set forth) which facts were to be considered by the Court if material.

3. Did the Court err in striking out certain testimony of the plaintiff admitted de bene and in excluding other testimony offered by the plaintiff, all of which related to the intended effect on the release set up by the defendant as a bar to the plaintiff's action.

We find no error in the denial by the trial Court of the plaintiff's request for rulings Nos. 3, 4, 5, and 6. These requests all relate to the plaintiff's contention that the release was given under a mutual

mistake as to its legal effect and that it was actually intended by the parties as a release of the plaintiff's claim for property damage only. However, all testimony and other evidence bearing on this contention was excluded by the Court.

 Obviously (and in his argument before us the plaintiff conceded the same) since there was no evidence of the facts upon which the requests for rulings were predicated, there is no possible theory upon which they could have been granted by the Court.

 The remaining issues relate to the right of a plaintiff in an action at law to contradict the express terms of a release of all demands. We find no error in the Court's rulings on these issues.

The agreed facts which the Court excluded as immaterial are as follows:

2. That the representative of the insurance company insuring the defendant against claims for property damage had no authority to represent the insurance company insuring the defendant against claims for personal injuries.

3. The insurance company insuring the defendant against claims for personal injuries made no contribution to the insurance company insuring the defendant against claims for property damage towards the amount paid by it to the plaintiff in settlement of the property damage claim.

The testimony excluded by the Court was parol testimony tending to show that the representative of the Pioneer Mutual Insurance Co., which insured the defendant for property damage only, told the plaintiff that he represented the defendant in the property damage case only and that the plaintiff would have to look to the defendant or his other insurance company for satisfaction of any personal injury claim that he might have. Further testimony tending to show that the release was intended as a release of the property damage claim only and that the representa-

tive of the Pioneer Mutual Insurance Company so stated at the time of execution of the release by the plaintiff was also excluded.

The general rule of law pertinent to these issues raised by the report, precludes the introduction of parol testimony to change, modify or contradict the clear and unambiguous terms of a written instrument. In the case of *Squires v. Amherst,* 145 Mass. 192, parol testimony tending to show that the release, given by the plaintiff in satisfaction of his claim against the defendant, the Town of Amherst, was intended to apply only to the plaintiff's claim for property damage and that there was an express agreement between the plaintiff and the defendant's representative that something more would be done if later it appeared that the plaintiff had suffered personal injuries was held to have been rightly excluded. At page 194, the Court said:

"In an action at law in this Commonwealth, the written paper put in evidence by the defendant is regarded not only as a receipt acknowledging the payment of money, but as an agreement that the money is received in full payment of all demands for damages sustained by reason of the defect in the highway complained of; and, so far as the written paper contains an agreement, it cannot be varied or controlled by evidence of an oral agreement made contemporaneously with it, and inconsistent with its terms. *Brown v. Cambridge,* 3 Allen, 474; *Curley v. Harris,,* 11 Allen, 112; *Goss v. Ellison,* 136 Mass. 503; *Leddy v. Barney,* 139 Mass. 394; *Osborn v. Martha's Vineyard Railroad,* 140 Mass. 549."

"The agreement contained in the receipt is unambiguous, and clearly covers all demands for damages, whether to person or to property; the oral agreement which the plaintiff offered to prove is plainly inconsistent with the writing, and a mistake or misunderstanding on the part of the

plaintiff of the legal import of the written agreement is not a ground for avoiding it at common law."

While there are exceptions to the general rules as stated in *Squires v. Amherst*, 145 Mass. 192, these exceptions are limited to cases involving fraud, misrepresentation, undue influence or mental incapacity. *Connors v. Richards*, 230 Mass. 436; *Shaw v. Victoria Coach Line Inc.*, 314 Mass. 262; *Rizzo v. Cunningham*, 303 Mass. 16. There is no evidence here of any facts which would bring it within any of the exceptions to the general rules, above stated, nor are the statutory provisions which permit the introduction of oral testimony to contradict a written instrument applicable to the same.

By the provisions of G. L. c. 231, §31 a mutual mistake in a written instrument may be set up as an equitable defense in an action at law in proceedings to enforce a written agreement and in accordance with the principles of equity, parol evidence is admissible in support of the same. However the provisions of this statute are inapplicable to the case at bar for the reason that the statutory benefits are available only to one who is a defendant and then only in proceeding brought for enforcement of the instrument itself. It has no application to any other proceedings or to any other party to the same.

The plaintiff cites, in support of his contention that the release could be shown by parol evidence to have been executed under a mutual mistake, the cases of *Eno v. Prime Mfg. Co.*, 317 Mass. 83 and *Wareham Savings Bank Co. v. Partridge*, 317 Mass. 83. However both of these cases are proceedings in equity and the principles governing the same are applicable to equitable proceedings only, and not applicable to actions at law. It may well be, that under appropriate proceedings in equity, the plaintiff in the case at bar might have obtained a reformation of the release under the principles stated in the above

cases cited. In *Franz v. Franz*, 308 Mass. 262, 267 the Court said with respect to equitable reformation of an agreement based upon a mutual mistake, quoting apparently with approval 5 Williston, Contracts (Rev. Ed.) §1585:

> 'It is sufficient that the parties had agreed to accomplish a particular object by the instrument to be executed, and that the instrument as executed is insufficient to effectuate their intention!'

Also, in *Canedy v. Marcy*, 13 Gray 373, 377, cited in *Franz v. Franz* supra, the Court said:

> "But . . . . . . . . courts of Equity in such cases are not limited to affording relief only in case of mistake of facts; and . . . . . . . . a mistake in a legal effect of a description in a deed, or in the use of technical language, may be relieved against, upon proper proof" '

However, regardless of the plaintiff's right in equity, so far as the case at bar is concerned, he must rely solely upon the principles governing actions at law and cannot avail himself of the rights to which, under appropriate proceedings in equity, he might have been entitled. The case at bar comes within the well-settled principle of law that in the absence of fraud, misrepresentation, undue influence or mental incapacity, and except as otherwise provided by Statute, the plain and unambiguous terms of a written instrument cannot be varied, modified or contradicted in an action at law. We therefore, find no error in the Trial Court's exclusion of the evidence offered by the plaintiff tending to show the same.

There being no error by the Trial Court in the exclusion of such evidence or in the denial of the plaintiff's requests for rulings, an order *is to be entered dismissing the report.*

Samuel Raphel, for the Plaintiff.

Thomas R. Morse, for the Defendant.