### Southern District
### GORDON L. KIRBY
#### v.
### GEORGE W. DAWSON, alias

*Present*: Nash, C. J., Cox & Murphy, JJ.

Case tried to *DiVitto, J.* in the Fourth (Bristol) District Court. No. 20979.

*Cox, J.* This is an action of tort for *personal injuries* resulting from an automobile collision in the Town of Norwood, Massachusetts, on November 27, 1961.

The defendant, appearing specially, filed an answer in abatement. At the hearing of the defendant's answer in abatement it appeared and could be found that an action

in the plaintiff's name was brought against the defendant in the Superior Court for the County of Providence, State of Rhode Island, Law Case No. 167106, and that on May 22, 1963 judgment was entered for the defendant for $600.00 without costs. The court records show that the judgment was satisfied on June 21, 1963.

The action in the Rhode Island court had been brought in the plaintiff's name by his insurer under the terms of "the usual subrogation agreement" in a policy of collision insurance.

It is agreed that the insurer paid the plaintiff for *damages to his property,* except $50.00 deductible under the terms of the policy, before the action was brought in Rhode Island.

The court allowed the answer in abatement.

The plaintiff claiming to be aggrieved, the case was reported for our determination.

This action is for *personal injuries* alleged to have been sustained by the plaintiff as a result of the same automobile collision for which the action for property damage was brought against the same defendant in the Rhode Island court.

In our opinion the judge was right in abating the action.

■ "It is an established principle of law, that judgment in a civil suit upon a certain alleged cause of action is conclusive upon the parties in relation to it, and that another suit for the

same cause cannot be maintained for any purpose whatever. No man is liable to be twice charged, or to be a second time proceeded against in a civil action, for the same unlawful act, if the first has been pursued to final judgment."

"It is a general rule that all damages resulting from a specified cause of action must be assessed in one proceeding, and this rule applies to actions of tort. A single cause of action cannot be split and made the basis of several proceedings." . . . . . "The plaintiff could not legally maintain more than one action for the same tortious act. He could not divide the tort, and have one action for the injury to his property and another for the injury to his person."

"We think that the weight of authority supports the view taken by this court that damages resulting from a single tort, even though such damages be partly property damages and partly personal injury damages, are, when suffered by one person, the subject of only one suit as against the wrong-doer. This rule is based largely upon the proposition that the defendant's wrongful act is single, that the cause of action must be single, and that the different injuries occasioned by it are merely items of damages proceeding from the same wrong."

The above applicable quotations are taken from *Dearden v. Hey,* 304 Mass. 659.

■ The judgment in the Rhode Island case was *res judicata.* In that case the parties and issues were the same as those here. The plaintiff cannot try the same issues again. He has had his day in court. *Macheras v.*

*Syrmopoulos,* 319 Mass. 485.

It is inconsequential whether or not the Rhode Island judgment was entered by agreement. *Pontiff v. Alexander,* 320 Mass. 514 and cases cited.

We extend full faith and credit to the judgment entered in the Rhode Island court. *Van Norman v. Gordon,* 172 Mass. 576; *Makorios v. H. V. Greene Co., Inc.,* 256 Mass. 598; *McDade v. Moynihan,* 330 Mass. 437, 442.

There being no error of law in the ruling complained of, an order is to be entered *dismissing the report.*

Charles Sallet, of Attleboro, for the Plaintiff.

James Cardono and Antonio SaoBento, Jr., both of Pawtucket, Rhode Island, for the Defendant.