*Northern District*

No. 8007

**RUSSELL deLUCIA**

**v.**

**JOSEPH PIRES**

Argued: May 17, 1973 - Decided: Aug. 6, 1973

2

*Present:*  Cowdrey, P.J., Flynn, Bacigalupo, JJ.

Case tried to *Forte, J.* in the District Court of Central Middlesex. Date of Finding or decision appealed from: September 27, 1972. Docket Number: 720522 — Remand 1064.

**Bacigalupo, J.**  The plaintiff, in this action in tort, seeks to recover damages for loss of use of his motor vehicle which was damaged on October 30, 1970 when it was struck in the rear by a motor vehicle owned and operated

by the defendant. The case was given to the trial court as a "case stated" together with two documents — one entitled, "Release and Settlement of Claim" and the other entitled, "Subrogation Receipt."

The plaintiff claimed to be aggrieved by the trial court's finding for the defendant and the case was reported to this Division for determination.

The facts set forth in the "case stated," material to our consideration of the issue raised by the report, are as follows:

1. "That the plaintiff was the owner of a 1967 Porsche Targa 912 at the time of the accident to wit: October 30, 1970;

2. That the defendant negligently struck the plaintiff's vehicle in the rear while said plaintiff's vehicle was stopped in a line of traffic on Massachusetts Avenue in Cambridge;

3. The plaintiff sustained damage to his motor vehicle resulting in a loss of fair market value totalling $1,745.61;

4. The plaintiff sustained further damage for loss of use of his motor vehicle for business purposes and the fair market value of said loss amounts to $340.00;

5. The plaintiff recovered from his collision Carrier the sum of $1,645.61 for physical damage to his motor vehicle on

or about December 30, 1970 as evidenced by Exhibit A entitled Subrogation Receipt;

6. . That by virtue. of the right of assignment in said Exhibit A, the Collision Carrier filed a claim against the defendant, Joseph Pires, and the Defendant's Property Damage Liability Carrier settled the claim with the Plaintiff's Collision Carrier for valuable consideration and obtained a release as evidenced by Exhibit B entitled Release and Settlement of claim.;

8. The defendant raises the defense as set out in Paragraph 5 of the defendant's answer which incorporate Exhibit A and Exhibit B attached hereto, that the Plaintiff has waived his rights to recover said damages as stated in Paragraph 4 of this Submission of Fact.''

Paragraph 5 of the defendant's answer is as follows:

''5. And the defendant further . says that the plaintiff assigned all claims involving property damage to his motor vehicle together with any claim for loss of use thereof arising from an accident involving motor vehicles of the plaintiff and defendant which occurred on or about October 30, 1970, to his collision carrier the Hartford Insurance Group in consideration for payment of $1,645.61.''

The Subrogation Receipt which was in the usual and common form, acknowledges receipt of payment $1,645.61 from the plaintiff's insurer and contains the following provision:— "and for and in consideration of such payment the undersigned hereby assigns and transfers to the said Company each and all claims and demands against any town, county, city, municipality, corporation, person, persons, vessels, or property arising from or connected with such loss or damage, and the said Company is subrogated in the place of and to the claims and demands of the undersigned against said town, county, city, municipality, corporation, person, persons, vessels, or property in the premises."

We have before us a "case stated," since the agreed facts together with the Subrogation Agreement and Release purport to be all of the material facts upon which the rights of the parties are to be determined. *Rogers* v. *Attorney General & others*, 347 Mass. 126, 130; *Caissie* v. *Cambridge*, 317 Mass. 346, 347.

It was the duty of the trial justice to order the judgment required by the application of the correct principles of law to the facts stated. *Richard D. Kimball Co.* v. *Medford*, 340 Mass. 727, 728, 729; *Caissie* v. *Cambridge, supra* p. 347; *General Motors Acceptance Corporation* v. *J. & F. Motors, Inc.*, 34 Mass. App. Dec. 160. We think that he did so in finding for the Defendant.

■ A cause of action not reduced to a judgment, for a tortious act occasioning damage solely to specific property, is assignable. *The Bethlehem Fabricators, Inc.* v. *H. D. Watts Company,* 286 Mass. 556, 566. *Delval* v. *Gagnon,* 213 Mass. 203, 206.

[4.] In this Commonwealth, the law is well established that all damage resulting from a specified cause of action must be assessed in one proceeding. This rule applies to actions of tort. A single cause of action cannot be split and made the basis of several proceedings. *Lawrence* v. *O'Neill,* 317 Mass. 393, 395; *Iandoli* v. *Donnelly,* 7 Mass. App. Dec. 160, 161, 162; *Doran* v. *Cohen,* 147 Mass. 342, 344; *Dearden* v. *Hey,* 304 Mass. 659, 663.

In the case at bar, the plaintiff, without litigation, compromised and settled his claim against his insurer. "Case stated" ¶ 5.

The law favors settlements made in good faith. Otherwise stated, "where there is no fraud and the parties meet on equal terms, the compromise agreement is binding, compromises being favored by the law." *16 Couch on Insurance,* 2d, § 59:39.

It is to be noted in the case before us that the Subrogation Agreement subrogated the plaintiff's insurer to each and all claims and demands against any ...... person ..... arising from or connected with such loss or damage .....

The plaintiff did not reserve or exclude from the operation of the Subrogation Agreement any loss or damages sustained by him. The agreement was inclusive of all of his losses flowing from the damage to his vehicle including loss of its use. It subrogated the insurer to his entire cause of action for damage to his property.

§ 61:37 of *Couch on Insurance,* 2d, states ''The identity of a cause of action is not changed by the subrogation of an insurer thereto. Thus, the subrogation results only in a change in the beneficial ownership of the cause and has no effect on the character or underlying basis of the cause of action. The right of subrogation is purely derivative as the insurer succeeds only to the rights of the insured, and no new cause of action is created. In other words, the concept of subrogation merely gives the insurer the right to prosecute the cause of action which the insured possessed against anyone legally responsible for the latter's harm . . . . .''

The plaintiff, in his brief, and argument contends that ''apart from litigation there does not seem to be any compelling reason why the plaintiff's insurer should succeed to the plaintiff's rights in excess of its payments at least without an expressed writing to the contrary.'' But here there was a writing to the contrary. The subrogation agreement ex-

pressly assigned to the subrogee each and all claims and demands against any ..... person ..... arising from or connected with such loss or damage .....

■ The general words of a writing may be controlled and restricted by appropriate language in the writing; if it is intended to exclude any existing liability from the operation of the writing, it should be clearly and expressly set forth therein. *Perry* v. *Bruen,* 8 Mass. App. Dec. 127, 130; *Walkowicz* v. *Giso,* 13 Mass. App. Dec. 174, 180, 182.

No reservation or exclusion of damage for loss of use of the plaintiff's vehicle was incorporated in the subrogation agreement or in the assignment of the plaintiff's cause of action for property damage to his insurer.

We do not intimate or suggest what the legal effect of such a reservation or exclusion would be if it had been made as that issue is not raised by the report, and moreover, the Subrogation Agreement is unambiguous and clearly covers all demands for damages, whether to person or property.

■ In the light of the express provisions of the Subrogation Agreement, the fact that the plaintiff's subrogee compromised its claim against the defendant is not controlling of the issue before us. *See: Associated Discount Corp.* v. *Gillineau,* 322 Mass. 490, 494; *Kirby* v. *Dawson,* 29 Mass. App. Dec. 30, 33.

If the position taken by the plaintiff is valid, it would be a rare occasion when a tortfeasor could settle a claim brought by an assignee or subrogee in the absence of a judgment of a court of competent jurisdiction without incurring the risk of being subjected to a further claim growing out of the same cause of action.

We hold that the plaintiff by his subrogation agreement transferred the entire beneficial ownership of his cause of action for property damage, including loss of use, to his subrogee. We further hold that the release given by the plaintiff's subrogee to the defendant effectively extinguished the plaintiff's cause of action against the defendant. *See: Perry* v. *Bruen,* 8 Mass. App. Dec. 127, 130; *Walkowicz* v. *Giso,* 13 Mass. App. Dec. 174, 180, 182.

There being no prejudicial error, the report is dismissed.

McCULLOUGH, STEIVATER & FRAWLEY
  for Plaintiff

ALBERT V. SHAW
  for Defendant