KRISTINE A. LEWIS *vs.* POLICHRONIOS PATOULIDIS & another.[1] No. 89-P-648. February 12, 1991. *District Court*, Small claims procedure. *Practice, Civil*, Parties.

The plaintiff, one of three cotenants under a lease, sued the defendants, her lessors, in the small claims session of the District Court for harassment, forced entry, shutting off the water, and turning down the hot water heater. In their answer, the defendants responded that the complaint should be dismissed because the plaintiff had failed to join indispensable parties in the action, the other two tenants, who were signatories under the lease. After a hearing, a judge in the District Court found in favor of the plaintiff. The defendants appealed his decision to a jury session in the District Court. Before commencement of the trial, the defendants filed a motion to dismiss based upon the plaintiff's failure to join the other two lessees under the written lease between the parties. A judge in the jury session denied the motion without explanation. The jury found in favor of the plaintiff and judgment was entered accordingly.

The only issue raised in this appeal is whether the motion to dismiss for failure to join the other tenants as indispensable parties should have been

[1]Kiriaki Patoulidis.

allowed. Small claims proceedings are governed by the Uniform Small Claims Rules (1983) promulgated pursuant to G. L. c. 218, §§ 21-25. Rule 1 provides in part as follows:

> "Pursuant to G. L. c. 218, §§ 21-25, these rules govern procedures in all small claims actions in the Trial Court of the Commonwealth. They shall be construed and applied to secure the just, speedy and inexpensive determination of every small claims action. *Other civil rules of court shall not be applicable in small claims actions. . .* " (emphasis supplied).

There is no provision within the Small Claims Rules for the joinder of persons needed for a just adjudication as set forth in Mass.R.Civ.P. 19(a), 365 Mass. 765 (1974), which reads, in pertinent part, as follows:

> "A person who is subject to service of process *shall* be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court *shall* order that he be made a party" (emphasis added).

Where the plaintiff's action was based in part on a breach of the lease by the defendants, arguably, the other cotenants are necessary parties within the ambit of rule 19(a). See *Thomas* v. *Benson*, 264 Mass. 555, 556 (1928); *Boston Hous. Authy.* v. *Hemingway*, 363 Mass. 184, 198 (1973). See also *Brodsky* v. *Perth Amboy Natl. Bank*, 259 F.2d 705, 707 (3d Cir. 1958).

Since there is no provision for joinder of necessary parties, as defined in Mass.R.Civ.P. 19(a), in the Uniform Small Claims Rules, we conclude the judge did not err in denying the motion to dismiss. Small claims procedure is an "*alternative*" to the formal procedure for civil actions." *Cousineau* v. *Laramee*, 388 Mass. 859, 862 (1983), quoting from G. L. c. 218, § 21 (emphasis added). Its purpose is to provide a simple, informal, and inexpensive means for adjudicating claims for litigants who are not usually represented by counsel. G. L. c. 218, § 21. See *McLaughlin* v. *Municipal Ct., Roxbury Dist.*, 308 Mass. 397, 405-406 (1941). If the defendants wished to raise as a bar the failure to join the other tenants who had signed the lease with the plaintiff as parties to the action, they should have filed a motion to transfer the action to the regular civil docket. Rule 4 of the Uniform Small Claims Rules.

*Judgment affirmed.*

*Mark J. Shaffer* for the defendants.
*Kristine A. Lewis*, pro se.