Wheatley. PJ.
This is a Dist./Mun. Cts. R. A. D. A, Rule 8A, appeal[1] from an allowance of defendant’s motion to dismiss in the trial court. We reverse.
Background. Morris and Gerri Feuer Shubow (the Shubows) insured their residence in Needham with Travelers Property Casualty Insurance Co. (Travelers). In February, 1999, the Shubows hired Ronald F. Hayes (Hayes), the defendant, to paint and plaster certain portions of their home. Because of damage to their home from dust and debris from Hayes’ work and the need for remedial repairs, they refused to pay him. As a result, on March 22, 1999, Hayes sued Ms. Shubow for payment for his work in the Dedham Small Claims session. She filed a counterclaim the details of which are not a part of the record in this case.[2] Judgment was entered in the small claims case, on May 20,1999, for Hayes under the complaint for $996.05, and for Ms. Shubow under her counterclaim for $496.05. No appeal was claimed and that judgment is final.
The Shubows at some undetermined time made a claim to Travelers under their policy for reimbursement for the cost of cleaning and making the repairs, and the cost of substitute living expenses while the problem was being remedied. Travelers paid the Shubows $7,548.22 and received in exchange an assignment of their claim against Hayes (the $7,500 claim). In early 2001, Travelers, as subrogee to the Shubows, sued Hayes in the case at bar for breach of contract and negligence concerning his work on the Shubows’ residence. Hayes filed a motion to dismiss under Mass. R. Civ. P., Rules 12(b)(1) and (6), and 12(h), arguing, basically, that Travelers is barred from bringing this suit because of the doctrine of res judicata.
Rationale. “The essential elements necessary to preclude relitigation of an issue are identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction.” Almeida v. Travelers Ins. Co., 383 Mass. 226, 229 (1981), quoting Franklin v. North Weymouth Cooperative Bank, 283 *76 Mass. 275, 280 (1933). The party making the assertion of res judicata (Hayes) bears the burden of establishing each of these factors. See TLT Construction v. A. Anthony Tappe Assoc., 48 Mass. App. Ct. 1 (1999).
The subject matter of the Shubow counterclaim is unknown. It may have been for the “deductible” portion of the insurance proceeds received for damage caused by Hayes’ work, alleged by Travelers to be $500, or other personal matters between Ms. Shubow and Hayes, but we can not speculate. As noted, in order for Hayes to succeed on his motion to dismiss, he must show, inter alia, that the issue in the prior case is identical to the issue in the current case. This he can not do.
Actually, from either point of view, Shubow’s counterclaim could not have been for the $7,500 claim. If the Shubows had already assigned the claim to Travelers,[3] it was not then theirs to assert in a claim. DeLucia v. Pires, 52 Mass. App. Dec. 1 (1973). If they had not already assigned it, they could not have asserted it in Hayes’ small claims action. The Small Claims court was not a “court of competent jurisdiction” in that it had no subject-matter jurisdiction over a claim or counterclaim in excess of $2,000. G.L.c. 218, §21; Uniform Small Claims Rules, Rule 3(c). Forcing the $7,500 claim to be litigated in the Small Claims court would automatically have resulted in unfairly reducing the Shubows’ recovery to $2,000. Boat Maintenance & Repair Co. v. Lawson, 50 Mass. App. Ct. 329 (2000). The filing of a counterclaim in Small Claims Court is permissive, not mandatory. Uniform Small Claims Rules, Rule 3(c).
Moreover, Hayes has not shown that Travelers was ever personally subject to the jurisdiction of the Small Claims court in the action that he initiated. Travelers was not named as a party and there is no requirement in the Small Claims Rules for the joinder of persons needed for a just adjudication, as set forth in Mass. R. Civ. P., Rule 19(a). “Other civil rules of court shall not be applicable in small claims actions.” Uniform Small Claims Rules, Rule 1. See Lewis v. Patoulidis, 30 Mass. App. Ct. 906, 907 (1991). Similarly, any opportunity of intervention by Travelers was preempted by the size of its claim. Compare Mass. R. Civ. R, Rule 24. Even if Travelers had a claim of $2,000 or less, nothing in this sparse record indicates whether Travelers ever knew of the existence of the small claims action, or whether they had an assignment from the Shubows while the claim was pending.
Finally, any argument that Travelers and the Shubows were claim splitting fails. We know the character of Travelers’ claim, but not that of the Shubows’ claim. Without this information, there can be no determination of the similarity or non-similarity of the respective claims, an essential element in a claim-splitting discussion. Moreover, the Small Claims court did not have the power to award Travelers (or Shubow) the full damages in the $7,500 claim. Even if we were to assume that the general rule concerning claim splitting has possible application in the case at bar, “... the rule is subject to certain exceptions, one of which is that it will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation.” City of Salem v. Massachusetts Commission Against Discrimination, 44 Mass. App. Ct. 627, 638 (1998).
Accordingly, the trial judge’s ruling on the motion to dismiss is reversed and the case is remanded to the trial court for trial.
So ordered.

 There has been no detailed filing of an Expedited Appeal as required in Dist./ Mun. Cts. R. A. D. A., Rule 8A(a) (l)-(8), but there has also not been any objection by Hayes to the informality of the filings. Thus, our fact-gathering includes copies of whatever documents were forwarded to us from the trial court Clerk/Magistrate’s office.

 Travelers acknowledges that the details of the counterclaim are unknown.

 The record contains no reference to the date of the assignment of the Shubow claim to Travelers.